KEITH SHAPIRO, ESQ.
Illinois Bar No. 6184374
NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435
Email: shapirok@gtlaw.com
Email: petermann@gtlaw.com

BOB L. OLSON, ESQ.
Nevada Bar No. 3783
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway,
Suite 400 North
Las Vegas, Nevada 89169
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: olsonb@gtlaw.com

*Counsel for*
*Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-11-52649 |
| SHENGDATECH, INC., | Chapter 11 |
| Debtor. | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

ShengdaTech, Inc. ("Debtor"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully submits the following statement to accompany the Debtor's Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and collectively with the "Schedules," the "Schedules and Statements") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The Debtor, with the assistance of its advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  The Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements.  The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[1]

The Debtor's Chief Restructuring Officer ("<u>CRO</u>"), Michael Kang, has signed the Schedules and Statement.  Mr. Kang's appointment as CRO was confirmed pursuant to the *Final Order Authorizing Debtor To (I) Confirm The Employment Of Alvarez And Marsal North America, LLC To Provide The Debtor A Chief Restructuring Officer And Certain Additional Personnel And (II) Confirm The Appointment Of Michael Kang As Chief Restructuring Officer For The Debtor, Nunc Pro Tunc To The Petition Date* entered on September 2, 2011 [Docket No. 80].  He is an authorized signatory for the Debtor, including its former management.  In reviewing and signing the Schedules and Statements, Mr. Kang has necessarily relied upon the efforts, statements and representations of various personnel of the Debtor and, to the extent available, the Debtor's records.  Mr. Kang has not (and could not have) personally verified the accuracy of each such statement, representation or record, including statements, representations or records concerning amounts owed to creditors.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("<u>GAAP</u>"), nor are they intended to be fully reconciled to the financial statements of the Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtor's reasonable best efforts to report the assets and liabilities of the Debtor on an unconsolidated basis (*i.e.*, those assets and liabilities of ShengdaTech, Inc. only and not of any of its direct or indirect subsidiaries).

---

[1]    The Global Notes are in addition to the specific notes contained in the Debtor's Schedules and Statements.  The fact that the Debtor has prepared a "specific note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtor to exclude the applicability of such Global Note to any of the remaining Schedules and Statements.

In preparing the Schedules and Statements, the Debtor relied on financial data derived from its books and records that was available at the time of such preparation. At the time of preparation of the Schedules and Statements, the Debtor had limited access to its books and records. The Debtor only had access to information in the possession of A. Carl Mudd and Sheldon B. Saidman, two of the Debtor's independent board members, Greenberg Traurig, LLP, the Debtor's legal counsel and other third parties, including, without limitation, JPMorgan Chase which maintains the Debtor's sole bank account[2]. Upon information and belief, the Debtor's books and records are located at the Debtor's headquarters in China (which location is currently unknown) and at the various plant locations in China owned by the Debtor's indirect subsidiaries. The Debtor's books and records may also be located at the offices of ShengdaGroup, an entity related to the Debtor, in China. At the time of preparing these Schedules and Statement, the Debtor did not have access to any records at the locations noted in the foregoing two sentences.

Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Schedules and Statements, particularly given the concerns surrounding accurate financial reporting by the Debtor's prior management. The Debtor's former auditor, KPMG LLP ("KPMG"), previously informed the Debtor's audit committee of certain concerns arising during its incomplete audits of the Debtor's consolidated financial statements as of and for the year ended December 31, 2010, and the effectiveness of internal control over financial reporting as of December 31, 2010.

In April 2011, KPMG informed the Debtor's board of directors that, in its view, the Debtor's senior management had not taken, and the board of directors had not caused the senior management to take, timely and appropriate remedial actions with respect to these discrepancies and/or issues, and that the continued lack of resolution would materially impact the financial statements for the year ended December 31, 2010 and possibly prior periods. KPMG further

---

[2]      Upon information and belief, Debtor may have additional bank accounts, including, without limitation, an account at China Merchants Bank. To date, despite due diligence and inquiry, the Debtor has not been able to verify the existence of any additional accounts.

1  informed the Debtor that disclosures should be made and action should be taken to prevent future

2  reliance on KPMG's previously issued audit reports related to the consolidated balance sheets of

3  the Debtor and its subsidiaries as of December 31, 2008 and 2009, and the related consolidated

4  statements of income, shareholders' equity and comprehensive income, and cash flows for the

5  years then ended and the effectiveness of internal control over financial reporting as of December

6  31, 2008 and 2009.

7      The various matters raised by KPMG are currently under investigation by a special

8  committee of the Debtor's board of directors (the "Special Committee").    To date, the Special

9  Committee had determined that certain of the Debtor's financial records may have been falsified

10  in whole or in part and  that serious issues remain unanswered regarding the financial condition of

11  the Debtor's overall business operations, including its indirect subsidiaries located in China.  This

12  investigation is ongoing.

13      On April 29, 2011, the Debtor announced that it had received a letter on April 20, 2011

14  from the Listing Qualifications Department of the NASDAQ Stock Market LLC stating that,

15  based on the review of public documents and information provided by the Debtor, NASDAQ

16  determined the continued listing of the Debtor's securities on NASDAQ is no longer warranted.

17  Trading of the Debtor's shares on NASDAQ has been suspended pending delisting, but trading on

18  the Global OTC BB exchange is ongoing.

19      As a result of the foregoing, and despite the Debtor's best efforts, errors or omissions may

20  exist in these Schedules and Statements.  The Debtor reserves all rights to amend or supplement

21  the Schedules and Statements as is necessary and appropriate.

22      Nothing contained in the Schedules and Statements shall constitute a waiver of any of the

23  Debtor's rights or an admission with respect to its chapter 11 case, including, without limitation,

24  any issues involving substantive consolidation, equitable subordination, defenses or causes of

25  action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant

26  applicable laws to recover assets or avoid transfers.

27

28

Description of Cases.  On August 19, 2011 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession of its property and is operating and managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtor's fiscal year ends on December 31.  All asset and liability information contained in the Schedules and Statements, except where otherwise noted, is reported as of the close of business on August 19, 2011.

Recharacterization.  Notwithstanding that the Debtor has made reasonable best efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized or designated certain items.  Thus, the Debtor reserves all rights to recharacterize, reclassify, recategorize or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

Liabilities.  The Debtor allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  The Debtor reserves all rights to modify, amend and supplement the Schedules and Statements as is necessary and appropriate.  The liabilities listed on these Schedules do not reflect an analysis of claims under section 503(b)(9) of the Bankruptcy Code, if any.  Accordingly, the Debtor reserves all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

Insiders.  For purposes of the Schedules and Statements, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares; (d) relatives of directors, officers, or shareholders of the Debtor; and (e) debtor/non debtor affiliates.  The Debtor defines "directors" as members of the

board of directors.  Further, the Debtor's response to Statement 3c includes payments made to such creditors who are or were insiders to the extent such payments were made during the time in which the creditor was an insider and only in such creditor's capacity as an insider.

Persons listed as "insiders" have been included for informational purposes only.  The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

Intercompany Claims.  Receivables and payables among a debtor and its affiliates are reported on Schedule B and Schedule F, respectively, and in Question 3(c) of the Statements.  Given the lack of access to the Debtor's books and records, the Debtor was unable to determine whether any intercompany receivables and payables exist and in what amount.  Moreover, the Debtor would have concerns as to the accuracy of any such intercompany receivables and payables given the circumstances of this Chapter 11 Case.  Therefore, the Debtor has only listed the name of each of its direct and indirect subsidiaries on Schedule F as holding a contingent, unliquidated and disputed claim in an unknown amount.  The listing of these alleged claims is not and shall not be construed as an admission of the characterization of such balances, as debt, equity or otherwise.

Intellectual Property Rights.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms or have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction.  The Debtor reserves all of its rights with respect to the legal status of any and all intellectual property rights.

Executory Contracts.  The Debtor has not set forth executory contracts as assets in the Schedules and Statements.  The Debtor's executory contracts have been set forth in Schedule G.

Classifications.  Listing a claim (1) on Schedule D as "secured," (2) on Schedule E as "priority," (3) on Schedule F as "unsecured," or (4) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's right to recharacterize or reclassify such claim or contract.

Claims Description.  Any failure to designate a claim on the Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtor reserves all rights to dispute any claim reflected on its Schedules and Statements on any grounds, including, without limitation, liability, classification or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

Causes of Action.  Despite its reasonable best efforts, the Debtor may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in its Schedules and Statements.  The Debtor reserves all rights with respect to any causes of action, and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

1.    Summary of Significant Reporting Policies.  The following is a summary of significant reporting policies:

      a.    Currency.  All amounts are reflected in U.S. dollars.  To the extent applicable, foreign currency has been translated to U.S. dollars using translation rates as of the Petition Date.

      b.    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

      c.    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      d.    Current Market Value - Net Book Value.  In certain instances, current market valuations are neither maintained by, nor readily available to, the Debtor.  Accordingly, unless otherwise indicated, the Debtor's Schedules and Statements reflect net book values.  Market values may vary, at some times materially, from net book value.  Also, assets that have been fully

depreciated or that were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

e. <u>Paid Claims</u>.  The Debtor has authority to pay certain outstanding prepetition payables pursuant to Bankruptcy or other court order, as such outstanding liabilities have been reduced by any court approved postpetition payments made on prepetition payables.  To the extent the Debtor pays any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtor reserves all rights to amend or supplement the Schedules and Statements or take other action such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

f. <u>Excluded Assets and Liabilities</u>.  Immaterial assets and liabilities may have been excluded.

2. <u>Specific Schedules and Statements Disclosures</u>

a. <u>Schedules B1 and B2</u>.  Upon information and belief, the Debtor may have additional bank accounts, including, without limitation, an account at China Merchants Bank.  To date, despite due diligence and inquiry, the Debtor has not been able to verify the existence of any additional accounts.

b. <u>Schedule B13</u>.  The Debtor's ownership interest in its subsidiaries, partnerships and joint ventures has been listed in these Schedules at an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

c. <u>Schedule F</u>.  Schedule F contains information regarding threatened or pending litigation involving the Debtor.  The amounts for these potential claims are listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.  Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule F does not include rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.  The claims of individual creditors for, among other things, merchandise, goods, services or taxes are listed on the Debtor's books and records and may not reflect credits or allowances due from such creditor.  The Debtor reserves all of its rights with respect to the foregoing.  The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

d. <u>Schedule G</u>. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable, and the Debtor reserves all of its rights with respect thereto.

e. <u>Statement Question 19d</u>.  At the end of each of its fiscal quarters, fiscal years and upon the occurrence of significant events, the Debtor prepared and filed with the Securities and Exchange Commission (the "<u>SEC</u>") Forms

10 K, 10 Q and 8 K (collectively, the "SEC Filings"). The SEC Filings contain financial information relating to the Debtor.  Because the SEC Filings are public record, the Debtor does not maintain records of the parties who requested or obtained copies of any of the SEC Filings from the SEC or the Debtor.    In addition, the Debtor may have provided financial information to certain parties, such as banks, auditors, potential investors, vendors, customers and financial advisors, financial statements that may not be part of a public filing.  The Debtor does not maintain complete lists to track such disclosures.  As such, the Debtor has not provided lists of these parties in the Statements.

Global Notes Control.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

NEVADA District Of Nevada

In re:  SHENGDATECH, INC.                    ,        Case No.    11-52649 (BTB)
                 Debtor                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

     This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

     Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

     *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

     *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

    **1.    Income from employment or operation of business**

None
☒

    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       AMOUNT                                                    SOURCE

2

In re:    SHENGDATECH, INC.                              Case No.    11-52649 (BTB)

_____

**2.    Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|              AMOUNT              |              SOURCE              |

_____

**3.    Payments to creditors**

***Complete a. or b., as appropriate, and c.***

None
☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |

_____

None
☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |

SEE ATTACHED SOFA 3B RIDER

PAYMENTS CONTAINED ON THE SOFA 3B RIDER DO NOT INCLUDE PAYMENTS MADE TO THE DEBTOR'S BANKRUPTCY PROFESSIONALS.   SUCH PAYMENTS ARE LISTED IN THE RESPONSE TO SOFA 9.

_____

3

In re:   SHENGDATECH, INC.                                  Case No.    11-52649 (BTB)

_____

None    c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or
☐       for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
        include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
        and a joint petition is not filed.)


NAME AND ADDRESS OF CREDITOR         DATE OF                 AMOUNT          AMOUNT
AND RELATIONSHIP TO DEBTOR           PAYMENT                 PAID            STILL OWING

SEE ATTACHED SOFA 3C RIDER

_____

**4.      Suits and administrative proceedings, executions, garnishments and attachments**

None    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
☐       preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
        information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
        and a joint petition is not filed.)


CAPTION OF SUIT                                              COURT OR AGENCY     STATUS OR
AND CASE NUMBER              NATURE OF PROCEEDING            AND LOCATION        DISPOSITION

     SEE ATTACHED SOFA 4A RIDER

_____

None    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
☒       year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
        must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
        the spouses are separated and a joint petition is not filed.)


NAME AND ADDRESS                                             DESCRIPTION
OF PERSON FOR WHOSE               DATE OF                    AND VALUE
BENEFIT PROPERTY WAS SEIZED      SEIZURE                     OF PROPERTY

_____

**5.      Repossessions, foreclosures and returns**

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
☒       of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
        (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
        spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)


NAME AND ADDRESS                 DATE OF REPOSSESSION,       DESCRIPTION
OF CREDITOR OR SELLER            FORECLOSURE SALE,           AND VALUE OF
                                 TRANSFER OR RETURN          PROPERTY

_____

4

In re:   SHENGDATECH, INC.                                  Case No.    11-52649 (BTB)

---

**6.    Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

_____

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

_____

**7.    Gifts**

None
☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

_____

**8.    Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

In re:    SHENGDATECH, INC.                                        Case No.    11-52649 (BTB)

---

**9.    Payments related to debt counseling or bankruptcy**

None

☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| GREENBERG TRAURIG, LLP 77 WACKER DRIVE CHICAGO, IL 60601 | 6/1/2011 | $65,126.00* |
| GREENBERG TRAURIG, LLP 77 WACKER DRIVE CHICAGO, IL 60601 | 6/3/2011 | $49,958.37* |
| GREENBERG TRAURIG, LLP 77 WACKER DRIVE CHICAGO, IL 60601 | 7/1/2011 | $120,690.57* |
| GREENBERG TRAURIG, LLP 77 WACKER DRIVE CHICAGO, IL 60601 | 7/22/2011 | $95,915.70 |
| GREENBERG TRAURIG, LLP 77 WACKER DRIVE CHICAGO, IL 60601 | 7/22/2011 | $31,855.18 |
| GREENBERG TRAURIG, LLP 77 WACKER DRIVE CHICAGO, IL 60601 | 7/22/2011 | $29,380.05 |
| GREENBERG TRAURIG, LLP 77 WACKER DRIVE CHICAGO, IL 60601 | 7/22/2011 | $300,000.00 |

THE DEBTOR HAS INCLUDED ALL PAYMENTS MADE TO BANKRUPTCY PROFESSIONALS WITHIN THE ONE YEAR PRECEEDING THE PETITION DATE WITHOUT ACCOUNTING FOR WHETHER SUCH FEES MAY HAVE BEEN RELATED TO NON-BANKRUPTCY SERVICES.

* PAYMENTS MADE BY FAITH BLOOM LIMITED ON BEHALF OF THE DEBTOR.

---

**10.    Other transfers**

None

    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

6

In re:   SHENGDATECH, INC.                              Case No.    11-52649 (BTB)

___

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

NAME OF TRUST OR OTHER          DATE(S) OF          AMOUNT OF MONEY OR DESCRIPTION
DEVICE                          TRANSFER(S)         AND VALUE OF PROPERTY OR DEBTOR'S
                                                    INTEREST IN PROPERTY

___

### 11.   Closed financial accounts

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                                TYPE OF ACCOUNT, LAST FOUR          AMOUNT AND
NAME AND ADDRESS                DIGITS OF ACCOUNT NUMBER,           DATE OF SALE
OF INSTITUTION                  AND AMOUNT OF FINAL BALANCE         OR CLOSING

___

### 12.   Safe deposit boxes

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS          NAMES AND ADDRESSES          DESCRIPTION          DATE OF TRANSFER
OF BANK OR                OF THOSE WITH ACCESS         OF                   OR SURRENDER,
OTHER DEPOSITORY          TO BOX OR DEPOSITORY         CONTENTS             IF ANY

___

### 13.   Setoffs

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

7

In re:   SHENGDATECH, INC.                                          Case No.    11-52649 (BTB)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.   Property held for another person**

None    List all property owned by another person that the debtor holds or controls.
☒

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.   Prior address of debtor**

None    If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises
☐       which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is
        filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| C/O CSC SERVICES OF NEVADA, INC.<br>2215 - B RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 | SHENGDATECH, INC. | N/A |
| C/O LIONEL SAWYER & COLLINS, LTD.<br>50 LIBERTY STREET, SUITE 1100<br>RENO, NV 89501 | SHENGDATECH, INC. | N/A |
| UNIT 2001, EAST TOWER<br>ZHONG RONG HENG RUI<br>INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT<br>SHANGHAI 200122 PRC | SHENGDATECH, INC. | N/A |
| 35TH FLOOR, WORLD PLAZA<br>855 SOUTH PUDONG ROAD<br>PUDONG, SHANGHAI<br>200120 PROC | SHENGDATECH, INC. | N/A |

---

**16.   Spouses and Former Spouses**

None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
☒       California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight
        years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any
        former spouse who resides or resided with the debtor in the community property state.

8

In re:    SHENGDATECH, INC.                                    Case No.    11-52649 (BTB)

_____

NAME

_____

**17.    Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

_____

None
☒
a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None
☒
b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None
☒
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

_____

**18.    Nature, location and name of business**

In re:  SHENGDATECH, INC.  Case No.  11-52649 (BTB)

---

None □

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| SEE ATTACHED SOFA 18A RIDER | | | | |

---

None ☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|
| | |

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

None □

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

In re:   SHENGDATECH, INC.                                    Case No.    11-52649 (BTB)

_____

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

SEE ATTACHED SOFA 19A RIDER

_____

None

☐    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| KPMG | 50TH FLOOR, PLAZA 66<br>1266 NANJING WEST ROAD<br>SHANGHAI 200040<br>PROC | 8/19/2009 TO APRIL 2011 |

_____

None

☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

SEE ATTACHED SOFA 19C RIDER

_____

None

☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

SEE SPECIFIC STATEMENT NOTE 19D WITHIN THE GLOBAL NOTES

_____

**20.  Inventories**

None

☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT<br>OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

_____

11

In re:   SHENGDATECH, INC.                                    Case No.    11-52649 (BTB)

None
[X]        b. List the name and address of the person having possession of the records of each of the inventories reported in a.,
           above.


                                                             NAME AND ADDRESSES
                                                             OF CUSTODIAN
           DATE OF INVENTORY                                 OF INVENTORY RECORDS


           _____

           **21.   Current Partners, Officers, Directors and Shareholders**

None
[X]        a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
           partnership.



           NAME AND ADDRESS              NATURE OF INTEREST          PERCENTAGE OF INTEREST


           _____

None
[ ]        b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
           indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.



           NAME AND ADDRESS              TITLE                       NATURE AND PERCENTAGE
                                                                     OF STOCK OWNERSHIP

           SEE ATTACHED SOFA 21B RIDER


           _____

           **22.   Former partners, officers, directors and shareholders**

None
[X]        a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
           preceding the commencement of this case.



           NAME                          ADDRESS                     DATE OF WITHDRAWAL


           _____

None
[ ]        b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within
           **one year** immediately preceding the commencement of this case.



           NAME AND ADDRESS              TITLE                       DATE OF TERMINATION

             SEE ATTACHED SOFA 22B RIDER

12

In re:   SHENGDATECH, INC.                              Case No.    11-52649 (BTB)

_____

**23.   Withdrawals from a partnership or distributions by a corporation**

None

☐   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

SEE ANSWER TO SOFA 3C
_____

**24.   Tax Consolidation Group.**

None

☐   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| SHENGDATECH, INC. | 26-2522031 |

_____

**25.   Pension Funds.**

None

☒   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

_____

\*   \*   \*   \*   \*
\*

**SOFA 3b**
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**SHENGDATECH, INC., CASE NO. 11-52649 (BTB)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 1 | CONYERS, DILL & PEARMAN<br>2901 ONE EXCHANGE SQUARE<br>8 CONNAUGHT PLACE, CENTRAL<br>HONG KONG | WIRE | 07/26/2011 | $25,000.00 |
| | | | **SUBTOTAL** | **$25,000.00** |
| 2 | DEVRIES CONSULTING<br>8815 205TH PL SW<br>EDMONDS, WA 98026-6654 | WIRE | 08/08/2011 | $17,475.00 |
| | | | **SUBTOTAL** | **$17,475.00** |
| 3 | ERNST & YOUNG (CHINA) ADVISORY<br>LIMITED<br>LEVEL 5, ERNST & YOUNG TOWER<br>ORIENTAL PLAZA<br>1 EAST CHANG AN AVE<br>DONG CHENG DISTRICT<br>BEIJING, 100738 CHINA | WIRE | 07/26/2011 | $43,010.00 |
| | | | **SUBTOTAL** | **$43,010.00** |
| 4 | HANSEN BARNETT & MAXWELL P.C.<br>5 TRIAD CENTER<br>SUITE 750<br>SALT LAKE CITY, UT 84180-1128 | WIRE | 07/26/2011 | $14,089.99 |
| | | | **SUBTOTAL** | **$14,089.99** |
| 5 | JUN HE LAW OFFICES<br>CHINA RESOURCES BUILDING<br>20TH FLOOR<br>8 JIANGUOMENBEI AVENUE<br>BEIJING, 100005 CHINA | WIRE | 07/26/2011 | $26,154.00 |
| | | | **SUBTOTAL** | **$26,154.00** |
| 6 | MARCUM BERNSTEIN & PINCHUK<br>LLP<br>7 PENN PLAZA<br>SUITE 830<br>NEW YORK, NY 10001 | WIRE | 07/26/2011 | $150,000.00 |
| | | | **SUBTOTAL** | **$150,000.00** |
| 7 | MICHAEL SIDOR COMPANY<br>527 S. MILL AVE<br>ARLINGTON HEIGHTS, IL 60005 | WIRE | 07/26/2011 | $9,750.00 |
| | | | **SUBTOTAL** | **$9,750.00** |

**SOFA 3b**
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**SHENGDATECH, INC., CASE NO. 11-52649 (BTB)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 8 | O'MELVENY & MYERS LLP<br>37TH FLOOR<br>YIN TAI CENTRE, OFFICE TOWER<br>NO. 2 JIANGUOMENWAI AVENUE<br>CHAO YANG DISTRICT<br>BEIJING, 100022 CHINA | | | |
| | | WIRE | 05/26/2011 | $100,000.00 |
| | | | **SUBTOTAL** | **$100,000.00** |
| 9 | PRICEWATERHOUSECOOPERS<br>CONSULTING<br>26/F, OFFICE TOWER A<br>BEIJING FORTUNE PLAZA<br>7 DONGSANHUAN ZHONG ROAD<br>CHAOYANG DISTRICT<br>BEIJING, 100020 CHINA | | | |
| | | WIRE | 07/26/2011 | $96,887.00 |
| | | | **SUBTOTAL** | **$96,887.00** |
| 10 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>42/F, EDINBURGH TOWER, THE<br>LANDMARK<br>15 QUEEN'S ROAD<br>CENTRAL HONG KONG | | | |
| | | WIRE | 06/01/2011 | $100,000.00 |
| | | WIRE | 07/26/2011 | $150,000.00 |
| | | | **SUBTOTAL** | **$250,000.00** |
| 11 | SNELL & WILLMER TRUST ACCOUNT<br>HUGHES CENTER<br>3883 HOWARD HUGHES PARKWAY<br>SUITE 1100<br>LAS VEGAS, NV 89169-5958 | | | |
| | | WIRE | 07/26/2011 | $10,000.00 |
| | | | **SUBTOTAL** | **$10,000.00** |
| | | | **GRAND TOTAL** | **$742,365.99** |

**SOFA 3c**
**PAYMENTS TO INSIDERS MADE WITHIN 1 YEAR PRIOR TO FILING**
**SHENGDATECH, INC., CASE NO. 11-52649 (BTB)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 1 | ACM HOLDINGS LLC C/O FULBRIGHT & JAWORSKI L.L.P. ATTN: STEPHEN MARK DOLLAR 2200 ROSS AVENUE SUITE 2800 DALLAS, TX 75201-2784 | | | |
| | | * BOARD OF DIRECTOR FEES | 09/30/2010 | $18,500.00 |
| | | * BOARD OF DIRECTOR FEES | 01/07/2011 | $24,500.00 |
| | | BOARD OF DIRECTOR FEES | 04/14/2011 | $15,500.00 |
| | | BOARD OF DIRECTOR FEES | 04/26/2011 | $34,125.00 |
| | | BOARD OF DIRECTOR FEES | 06/23/2011 | $36,375.00 |
| | | BOARD OF DIRECTOR FEES | 07/18/2011 | $18,450.00 |
| | | * REIMBURSABLE EXPENSE | 09/30/2010 | $143.00 |
| | | * REIMBURSABLE EXPENSE | 01/07/2011 | $1,927.94 |
| | | REIMBURSABLE EXPENSE | 04/14/2011 | $1,222.04 |
| | | REIMBURSABLE EXPENSE | 05/16/2011 | $13,149.10 |
| | | REIMBURSABLE EXPENSE | 06/23/2011 | $2,541.87 |
| | | REIMBURSABLE EXPENSE | 07/18/2011 | $210.21 |
| | | | SUBTOTAL | $166,644.16 |
| 2 | SAIDMAN INC & ASSOCIATES INC. C/O FULBRIGHT & JAWORSKI L.L.P. ATTN: STEPHEN MARK DOLLAR 2200 ROSS AVENUE SUITE 2800 DALLAS, TX 75201-2784 | | | |
| | | * BOARD OF DIRECTOR FEES | 10/08/2010 | $16,000.00 |
| | | * BOARD OF DIRECTOR FEES | 12/29/2010 | $22,000.00 |
| | | BOARD OF DIRECTOR FEES | 04/08/2011 | $17,000.00 |
| | | BOARD OF DIRECTOR FEES | 06/23/2011 | $14,000.00 |
| | | BOARD OF DIRECTOR FEES | 07/26/2011 | $14,000.00 |
| | | * REIMBURSABLE EXPENSE | 12/29/2010 | $5,417.01 |
| | | REIMBURSABLE EXPENSE | 04/08/2011 | $1,197.52 |

*PAYMENTS MADE BY FAITH BLOOM LIMITED ON BEHALF OF THE DEBTOR.    **Page 1    Of 2**

**SOFA 3c**
**PAYMENTS TO INSIDERS MADE WITHIN 1 YEAR PRIOR TO FILING**
**SHENGDATECH, INC., CASE NO. 11-52649 (BTB)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|------|------------------|----------------------|--------------|-------------------|
| | | REIMBURSABLE EXPENSE | 06/23/2011 | $77.98 |
| | | REIMBURSABLE EXPENSE | 07/26/2011 | $744.52 |
| | | **SUBTOTAL** | | **$90,437.03** |
| | | **GRAND TOTAL** | | **$257,081.19** |

IN RE: SHENGDATECH, INC.                                                                          CASE NO. 11-52649 (BTB)

SOFA 4A

SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS

| CAPTION OF SUIT | CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| DONALD D. YAW AND EDWARD J. SCHAUL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN, AND ANHUI GUO | 11-CIV-3325 | SHAREHOLDER DERIVATIVE ACTION | SOUTHERN DISTRICT NEW YORK | ACTIVE |
| ERIK S. MATHES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED V. SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN AND ANHUI GUO | 11-CV-2064 | SHAREHOLDER DERIVATIVE ACTION | SOUTHERN DISTRICT NEW YORK | ACTIVE |
| IN MATTER OF SHENGDATECH, INC. | LA-3997 | SEC INVESTIGATION | SEC | ACTIVE |
| JAMES THOMAS TURNER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN AND ANHUI GUO | 11-CV-1918 | SHAREHOLDER DERIVATIVE ACTION | SOUTHERN DISTRICT NEW YORK | ACTIVE |
| MARLON FUND SICAV PLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. SHENGDATECH, INC., XIANGZHI CHEN, ANHUI GUO AND ANDREW WEIWEN CHEN | 11-CIV-1996 | SHAREHOLDER DERIVATIVE ACTION | SOUTHERN DISTRICT NEW YORK | ACTIVE |
| MATTHEW SCHWEIGER, DERIVATIVELY ON BEHALF OF SHENGDATECH, INC. V. XIANGZHI CHEN, ANHUI GUO, DONGQUAN ZHANG, A. CARL MUDD, SHELDON SAIDMAN, ANDREW WEIWEN CHEN | A-11-639644-B | SHAREHOLDER DERIVATIVE ACTION | NEVADA DISTRICT COURT - CLARK COUNTY | ACTIVE |
| MICHAEL KOMSKY, ON BEHALF OF THE BAMBOO TRUST, DATED JANUARY 8, 2007, DERIVATIVELY ON BEHALF OF SHENGDATECH V. XIANGZHI CHEN, ANHUI GUO, DONGQUAN ZHANG, A. CARL MUDD, SHELDON SAIDMAN, ANDREW WEIWEN CHEN | A-11-640249-B | SHAREHOLDER DERIVATIVE ACTION | NEVADA DISTRICT COURT - CLARK COUNTY | ACTIVE |
| ROBERT CORWIN V. XIANGZHI CHEN, ANHUI GUO, ANDREW WEIWEN AND SHENGDATECH | 11-Civ-2457 | SHAREHOLDER DERIVATIVE ACTION | SOUTHERN DISTRICT NEW YORK | ACTIVE |
| ROBERT JOHNSON, DERIVATIVELY ON BEHALF OF SHENGDATECH, INC. V. XIANGZHI CHEN, ANHUI GUO, ANDREW WEIWEN, DONGQUAN ZHANG, A. CARL MUDD | 2:110CV-01250 | SHAREHOLDER DERIVATIVE ACTION | DISTRICT NEVADA | ACTIVE |
| SHENGDATECH, INC., NASDAQ LISTING QUALIFICATIONS HEARINGS | NQ 5884N-11 | ADMINISTRATIVE PROCEEDING | NASDAQ HEARINGS PANEL | ACTIVE |
| TOM MCDERMOTT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN AND ANHUI GUO | CV-11-02557 | SHAREHOLDER DERIVATIVE ACTION | CENTRAL DISTRICT CALIFORNIA | ACTIVE |

IN RE: SHENGDATECH, INC.                                    CASE NO. 11-52649 (BTB)

**SOFA 18A**

**NATURE, LOCATION AND NAME OF BUSINESS**

| NAME | ADDRESS | TAYPAYER ID | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|---------|-------------|--------------------|-----------------------------|
| FAITH BLOOM LIMITED | CCS TRUSTEES LIMITED 263 MAIN STREET PO BOX 2196 ROAD TOWN, TORTOLA BRITISH VIRGIN ISLANDS | N/A | HOLDING COMPANY | 11/25/2005 TO PRESENT |

IN RE: SHENGDATECH, INC.                                          CASE NO. 11-52649 (BTB)

**SOFA 19A**
**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME AND ADDRESS | DATE OF SERVICE RENDERED |
|---|---|
| CHEN, ANDREW<br>C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT<br>SHANGHAI 200122<br>PROC | 8/19/2009 TO 9/30/2010 |
| CHEN, BO<br>ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC | UNKNOWN |
| CHI, FEI<br>ZIBO JIAZE NANOMATERIALS CO., LTD.<br>NO. 168 GONGYE ROAD<br>ZIBO HIGH-TECH INDUSTRIAL<br>DEVELOPMENT ZONE<br>ZIBO CITY, SHANDONG PROVINCE<br>255088 PROC | UNKNOWN |
| DEVRIES, MATT<br>8815 205TH PL SW<br>EDMONDS, WA 98026 | 4/20/2007 TO PRESENT |
| DU, LEI<br>SHANDONG HAIZE NANOMATERIALS CO., LTD.<br>TAISHAN YOUTH BUSINESS START-UP<br>DEVELOPMENT ZONE<br>TAIAN CITY, SHANDONG PROVINCE 271000<br>PROC | UNKNOWN |
| GUO, ANHUI<br>C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT<br>SHANGHAI 200122<br>PROC | 8/19/2009 TO 4/21/2011 |
| HU, XIAODAN<br>ZIBO JIAZE NANOMATERIALS CO., LTD.<br>NO. 168 GONGYE ROAD<br>ZIBO HIGH-TECH INDUSTRIAL<br>DEVELOPMENT ZONE<br>ZIBO CITY, SHANDONG PROVINCE<br>255088 PROC | UNKNOWN |

**SOFA 19A**

**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME AND ADDRESS | DATE OF SERVICE RENDERED |
|---|---|
| JIANG, DONGJUN<br>SHANDONG HAIZE NANOMATERIALS CO., LTD.<br>TAISHAN YOUTH BUSINESS START-UP<br>DEVELOPMENT ZONE<br>TAIAN CITY, SHANDONG PROVINCE 271000<br>PROC | UNKNOWN |
| LI, FU<br>SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC | UNKNOWN |
| LI, PEARL<br>C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT<br>SHANGHAI 200122<br>PROC | UNKNOWN |
| LI, SHUJIN<br>C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT<br>SHANGHAI 200122<br>PROC | UNKNOWN |
| LI, ZHENDON<br>ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC | UNKNOWN |
| LIN, SHUJIN<br>C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT<br>SHANGHAI 200122<br>PROC | 8/19/2009 TO PRESENT |
| LIU, JING<br>ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC | UNKNOWN |

**SOFA 19A**

**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME AND ADDRESS | DATE OF SERVICE RENDERED |
|---|---|
| WAN, BIAO<br>ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC | UNKNOWN |
| WANG, GONBO<br>ZIBO JIAZE NANOMATERIALS CO., LTD.<br>NO. 168 GONGYE ROAD<br>ZIBO HIGH-TECH INDUSTRIAL<br>DEVELOPMENT ZONE<br>ZIBO CITY, SHANDONG PROVINCE<br>255088 PROC | UNKNOWN |
| WANG, KAIJUN<br>SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC | UNKNOWN |
| ZHANG, RONGQUAN<br>ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC | UNKNOWN |
| ZHAO, TONGLEI<br>SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC | UNKNOWN |
| ZHAO, YONG<br>SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC | UNKNOWN |

IN RE: SHENGDATECH, INC.                                    CASE NO. 11-52649 (BTB)

**SOFA 19C**
**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME | ADDRESS |
|------|---------|
| BO, CHEN | ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC<br>DEVELOPMENT ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC |
| CHI, FEI | ZIBO JIAZE NANOMATERIALS CO., LTD.<br>NO. 168 GONGYE ROAD<br>ZIBO HIGH-TECH INDUSTRIAL<br>DEVELOPMENT ZONE<br>ZIBO CITY, SHANDONG PROVINCE<br>255088 PROC |
| DEVRIES, MATT | 8815 205TH PL SW<br>EDMONDS, WA 98026 |
| DU, LEI | SHANDONG HAIZE NANOMATERIALS CO., LTD.<br>TAISHAN YOUTH BUSINESS START-UP<br>DEVELOPMENT ZONE<br>TAIAN CITY, SHANDONG PROVINCE 271000<br>PROC |
| HANSEN BARNETT & MAXWELL P.C. | 5 TRIAD CENTER<br>SUITE 750<br>SALT LAKE CITY, UT 84180-1128 |
| HU, XIAODAN | ZIBO JIAZE NANOMATERIALS CO., LTD.<br>NO. 168 GONGYE ROAD<br>ZIBO HIGH-TECH INDUSTRIAL<br>DEVELOPMENT ZONE<br>ZIBO CITY, SHANDONG PROVINCE<br>255088 PROC |
| JIANG, DONGJUN | SHANDONG HAIZE NANOMATERIALS CO., LTD.<br>TAISHAN YOUTH BUSINESS START-UP<br>DEVELOPMENT ZONE<br>TAIAN CITY, SHANDONG PROVINCE 271000<br>PROC |
| LI, FU | SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC |

**SOFA 19C**

**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME | ADDRESS |
|---|---|
| LI, SHUJIN | C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI<br>INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD, PUDONG DISTRICT<br>SHANGHAI 200122<br>PROC |
| LI, ZHENDON | ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT<br>ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC |
| LIN, SHUJIN | C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI<br>INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD, PUDONG DISTRICT<br>SHANGHAI 200122<br>PROC |
| LIU, JING | ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT<br>ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC |
| O'MELVENY & MYERS LLP | 37TH FLOOR, YIN TAI CENTRE<br>OFFICE TOWER<br>NO. 2 JIANGUOMENWAI AVENUE<br>CHAO YANG DISTRICT<br>BEIJING, 100022<br>PROC |
| PRICEWATERHOUSECOOPERS CONSULTING | 26/F, OFFICE TOWER A<br>BEIJING FORTUNE PLAZA<br>7 DONGSANHUAN ZHONG ROAD<br>CHAOYANG DISTRICT<br>BEIJING 1000020<br>PROC |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 42/F, EDINBURGH TOWER<br>THE LANDMARK<br>15 QUEEN'S ROAD<br>CENTRAL<br>HONG KONG |
| WAN, BIAO | ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT<br>ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC |

**SOFA 19C**
**BOOKS, RECORDS AND FINANCIAL STATEMENTS**

| NAME | ADDRESS |
|---|---|
| WANG, GONBO | ZIBO JIAZE NANOMATERIALS CO., LTD.<br>NO. 168 GONGYE ROAD<br>ZIBO HIGH-TECH INDUSTRIAL<br>DEVELOPMENT ZONE<br>ZIBO CITY, SHANDONG PROVINCE<br>255088 PROC |
| WANG, KAIJUN | SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC |
| ZHANG, RONGQUAN | ANHUI YUANZHONG NANOMATERIALS CO., LTD.<br>NO. 168 EAST SHAOGUAN ROAD<br>HANSHAN COUNTY ECONOMIC DEVELOPMENT<br>ZONE<br>CHAOHU CITY, ANHUI PROVINCE 238100<br>PROC |
| ZHAO, TONGLEI | SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC |
| ZHAO, YONG | SHAANXI HAIZE NANOMATERIALS CO., LTD.<br>YANGYU TOWN, QIAN COUNTY<br>XIANYANG CITY<br>SHAANXI PROVINCE 713300<br>PROC |

IN RE: SHENGDATECH, INC.                                           CASE NO. 11-52649 (BTB)

**SOFA 21B**

**CURRENT PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS**

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK |
|---|---|---|
| CHEN, XIANGZHI<br>SHANDONG HAIZE NANOMATERIALS CO LTD<br>YOUTH PIONEER PARK<br>TAI'AN ECONOMIC & TECH.<br>TAI'AN CITY, SHANGDONG PROVINCE<br>271000 PROC | SHAREHOLDER | 42.50% |
| CEDE & CO.<br>P.O. BOX 222<br>BOWLING GREEN STATION<br>NEW YORK, NY 10274 | SHAREHOLDER | 30.51% |
| FORGUE, PAUL<br>C/O CSC SERVICES OF NEVADA, INC.<br>2215 - B RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 | ASSISTANT RESTRUCTURING OFFICER | N/A |
| KANG, MICHAEL<br>C/O CSC SERVICES OF NEVADA, INC.<br>2215 - B RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 | CHIEF RESTRUCTURING OFFICER | N/A |
| MUDD, A. CARL<br>C/O FULBRIGHT & JAWORSKI L.L.P.<br>ATTN: STEPHEN MARK DOLLAR<br>2200 ROSS AVENUE<br>SUITE 2800<br>DALLAS, TX 75201-2784 | DIRECTOR | N/A |
| SAIDMAN, SHELDON B.<br>C/O FULBRIGHT & JAWORSKI L.L.P.<br>ATTN: STEPHEN MARK DOLLAR<br>2200 ROSS AVENUE<br>SUITE 2800<br>DALLAS, TX 75201-2784 | DIRECTOR | N/A |
| TAI, SAM<br>C/O CSC SERVICES OF NEVADA, INC.<br>2215 - B RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 | ASSISTANT RESTRUCTURING OFFICER | N/A |
| ZHANG, DONGQUAN<br>SHANDONG PROVINCE PETROCHEMICAL<br>INDUSTRY ASSOCIATION<br>NO. 80 OF LISHAN ROAD<br>JINAN CITY, SHANDONG PROVINCE<br>250013 PROC | DIRECTOR | N/A |

IN RE: SHENGDATECH, INC.                                    CASE NO. 11-52649 (BTB)

**SOFA 22B**

**FORMER PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS**

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| CHEN, ANDREW<br>C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT, SHANGHAI<br>200122 PROC | CFO | 9/30/2010 |
| CHEN, XIANGZHI<br>SHANDONG HAIZE NANOMATERIALS CO LTD<br>YOUTH PIONEER PARK<br>TAI'AN ECONOMIC & TECH.<br>TAI'AN CITY, SHANGDONG PROVINCE<br>271000 PROC | DIRECTOR | 9/9/2011 |
| CHEN, XIANGZHI<br>SHANDONG HAIZE NANOMATERIALS CO LTD<br>YOUTH PIONEER PARK<br>TAI'AN ECONOMIC & TECH.<br>TAI'AN CITY, SHANGDONG PROVINCE<br>271000 PROC | PRESIDENT & CEO | 8/19/2011 |
| GUO, ANHUI<br>C/O UNIT 2003, EAST TOWER<br>ZHONG RONG HENG RUI INTERNATIONAL PLAZA<br>620 ZHANG YANG ROAD<br>PUDONG DISTRICT, SHANGHAI<br>200122 PROC | COO, ACTING CFO & DIRECTOR | 4/21/2011 |

IN RE : SHENGDATECH, INC.                         CASE NO. 11-52649 (BTB)

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____        Signature
                                         of Debtor _____

Date _____        Signature of
                                         Joint Debtor
                                         (if any) _____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __**10/03/2011**_____        Signature _____

                                       Print Name  **MICHAEL D. KANG**
                                       And Title  __**CHIEF RESTRUCTURING OFFICER**__

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____        _____
Signature of Bankruptcy Petition Preparer        Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*