_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
March 21, 2012

KEITH SHAPIRO, ESQ.
Illinois Bar No. 6184374
NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Telephone:  312-456-8400
Facsimile:   312-456-8435
Email: shapirok@gtlaw.com
Email:  petermann@gtlaw.com

BOB L. OLSON, ESQ.
Nevada Bar No. 3783
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway,
Suite 400 North
Las Vegas, Nevada  89169
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email: olsonb@gtlaw.com

*Counsel for Debtor*
 *and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.  BK-11-52649 |
| SHENGDATECH, INC., | Chapter 11 |
| Debtor. | **ORDER GRANTING RELIEF FROM AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO ALLOW PAYMENT OF COSTS FROM DIRECTORS & OFFICERS INSURANCE POLICY** |

Upon the motion (the "Motion")[1] of ShengdaTech, Inc., as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeking entry of an order, pursuant to sections 105(d), 362(d) and 541 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing Zurich American Insurance Company ("Zurich") to pay certain prepetition costs in accordance with and subject to the terms and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

conditions of certain directors and officers ("D&O") insurance policies issued by Zurich to the Debtor, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §1408; and the Court having held a hearing to consider the requested relief (the "Hearing"); and the Debtor having provided good and sufficient notice of the Motion as set forth therein; and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtor, its estate, creditors, and all parties in interest; the Debtor has provided due and proper notice of the Motion and Hearing and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein;

**THEREFORE IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is lifted, to the extent necessary, for "cause" to allow Zurich to pay the costs incurred by Fulbright under the Policy prior to the Petition Date in the amount of $225,601.92, in accordance with and subject to the terms and conditions of the Policy and this Order.

3. Nothing in this Order shall constitute a determination that the proceeds of the Policy are or are not property of the Debtor's estate and all rights with respect thereto are reserved.

4. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

///

///

///

///

///

5.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Respectfully prepared and submitted by:

  /s/ Nancy A. Peterman
KEITH SHAPIRO, ESQ.
Illinois Bar No. 6184374
NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601

and

BOB L. OLSON, ESQ.
Nevada Bar No. 3783
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada  89169

*Counsel for Debtor
and Debtor-in-Possession*

*133222.010400 62,165,730 2 CHI*                    3

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that **(check one)**:

☐ The Court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document].

William Cossitt - U.S. Trustee's Office - Approved
John Lyons & Frances Kao - Counsel to the Special Committee - No Response
Jennifer Smith - Local Counsel to the Special Committee - No Response
Christopher Donoho and Catherine Yu - Counsel to the Official Committee of Unsecured Creditors - Approved
Robert Kinas - Local Counsel to the Official Committee of Unsecured Creditors - No Response
Steve Dollar - Counsel to the Independent Directors - No Response
R. Stacy Lane - Counsel to Zurich American Insurance Company - No Response
Ira Levee - Bankruptcy Counsel for the Lead Plaintiffs and the Putative Class - Approved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

133222.010400 62,165,730 2 CHI