_Brun T. Beesley_

_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

**Entered on Docket
October 02, 2012**

KEITH J. SHAPIRO, ESQ.
Illinois Bar No. 6184374
NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Telephone:  312-456-8400
Facsimile:  312-456-8435
Email: shapirok@gtlaw.com
Email:  petermann@gtlaw.com

BOB L. OLSON, ESQ.
Nevada Bar No. 3783
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway,
Suite 400 North
Las Vegas, Nevada  89169
Telephone:  702-792-3773
Facsimile:  702-792-9002
Email: olsonb@gtlaw.com

*Counsel for Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.  BK-11-52649 |
| SHENGDATECH, INC., | Chapter 11 |
| Debtor. | |
| | **FINDINGS OF FACT, CONCLUSIONS OF LAW REGARDING CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED** |
| | **Hearing Date:  August 30, 2012** |
| | **Hearing Time:  10:00 a.m. (prevailing Pacific Time)** |

WHEREAS, on August 19, 2011 (the "Petition Date"), ShengdaTech, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on June 21, 2012, the Debtor proposed the *First Amended Chapter 11 Plan of Reorganization*, dated June 20, 2012 [Docket No. 522], which was subsequently modified on June 26, 2012 [Docket No. 539] and on August 30, 2012 [Docket No. 652] (the "Plan").[1]

WHEREAS, on June 25, 2012, the Court held a hearing on the adequacy of the *First Amended Disclosure Statement for the First Amended Chapter 11 Plan of Reorganization*, dated June 20, 2012 [Docket No. 523], which was subsequently modified on June 26, 2012 [Docket No. 540] (the "Disclosure Statement").

WHEREAS, on July 3, 2012, the Court entered an Order (the "Solicitation Procedures Order") [Docket No. 545], pursuant to which the Court, among other things, (i) approved the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code, (ii) established procedures for the solicitation and tabulation of votes to accept or reject the Plan, (iii) established August 16, 2012, at 5:00 p.m. (prevailing Pacific Time) as the Voting Deadline; (iv) established August 16, 2012, at 4:00 p.m. (prevailing Pacific Time) as the deadline by which all objections to confirmation of the Plan must be Filed with the Court and received by certain parties listed in the Solicitation Procedures Order (the "Objection Deadline"); and (v) scheduled a hearing on August 30, 2012, at 10:00 a.m. (prevailing Pacific Time) to consider confirmation of the Plan (the "Confirmation Hearing").

WHEREAS, on July 12, 2012, Jeffry S. Stein of The Garden City Group, Inc., which serves as the notice, claims and solicitation agent to the Debtor (the "Claims Agent"), executed an affidavit of service (which the Claims Agent Filed with the Bankruptcy Court on July 13, 2012 [Docket No. 558]) regarding the mailing of the Confirmation Hearing Notice (as defined in the Solicitation Procedures Order) and the Solicitation Packages (as defined below) in accordance with the terms of the Solicitation Procedures Order (the "Solicitation Affidavit").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the Plan. The rules of interpretation set forth in Article I of the Plan are fully incorporated herein.

WHEREAS, the Debtor caused the *Notice of (A) Approval of Disclosure Statement; (B) Hearing to Consider Confirmation of the Plan; (C) Deadline for Filing Objections to Confirmation of the Plan; and (D) Deadline for Voting on the Plan* (the "Publication Notice") to be published in *The Wall Street Journal* (Global Edition) on July 18, 2012, as set forth in the *Amended Affidavit of Publication of Notice in the Wall Street Journal of (A) Approval of Disclosure Statement; (B) Hearing to Consider Confirmation of the Plan; (C) Deadline for Filing Objections to Confirmation of the Plan; and (D) Deadline for Voting on the Plan* [Docket No. 590].

WHEREAS, on August 1, 2012, the Debtor filed the Plan Supplement [Docket No. 591].

WHEREAS, the Debtor was exempt from serving copies of the Plan Supplement pursuant to the Solicitation Procedures Order.

WHEREAS, on August 27 2012, the Claims Agent Filed the *Declaration of Craig E. Johnson of The Garden City Group, Inc. Certifying the Methodology for the Tabulation of Votes on  and Results of Voting with Respect to Debtor's First Amended Chapter 11 Plan of Reorganization* (the "Voting Affidavit") [Docket No. 614].

WHEREAS, on August 27, 2012, the Debtor Filed the *Declaration of Michael D. Kang in Support of Confirmation of the First Amended Chapter 11 Plan of Reorganization, as Modified* (the "Kang Declaration") [Docket No. 615].

WHEREAS, on August 27, 2012, the Debtor Filed the *Debtor's Memorandum of Law in Support of Confirmation of the First Amended Chapter 11 Plan of Reorganization, as Modified* (the "Memorandum of Law") [Docket No. 616].

WHEREAS, no objections to confirmation of the Plan were Filed other than the objection to the scope of the Plan's release and injunction provisions, as further discussed in the *Objection of Lead Plaintiffs to Disclosure Statement for the Chapter 11 Plan of Reorganization* [Docket No. 512], which objection is resolved pursuant to the terms of the Confirmation Order.

WHEREAS, on August 30, 2012, the Court held the Confirmation Hearing.

WHEREAS, the Court has reviewed the Plan, as modified in the Confirmation Order and in the form attached to the Confirmation Order, the Disclosure Statement, the Solicitation Procedures Order, the Solicitation Affidavit, the Voting Affidavit, the Kang Declaration, the Memorandum of

Law and all other pleadings, statements and comments submitted to the Court in connection with the Confirmation Hearing.

WHEREAS, the Court has (i) considered the statements of counsel at the Confirmation Hearing, (ii) considered all evidence proffered or adduced at the Confirmation Hearing, and (iii) taken judicial notice of the entire record of the Chapter 11 Case.

NOW, THEREFORE, after due deliberation and good cause appearing therefor, the Court hereby makes and issues the following Findings of Fact and Conclusions of Law[2]:

A.      Jurisdiction and Venue.  On the Petition Date, the Debtor commenced the Chapter 11 Case in good faith by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is (and was as of the Petition Date) qualified to be a debtor under section 109 of the Bankruptcy Code.  The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(L).  The Court has subject matter jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.  Venue was proper as of the Petition Date and continues to be proper before this Court as of the date hereof pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Modifications to the Plan.  The modifications to the Plan set forth in Paragraph 6 of the Confirmation Order (the "Plan Modifications") constitute technical or non-material changes to the Plan and do not materially or adversely affect or change the treatment of any Claims or Equity Interests.  Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Rule 3019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Plan Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims or Equity Interests be afforded an opportunity to change any previously-cast acceptances or rejections of the Plan.

---

[2] These Findings of Fact and Conclusions of Law constitute the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact herein shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law herein shall constitute conclusions of law even if stated as findings of fact.

C.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of this Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, all hearing transcripts and all evidence and arguments made, proffered or adduced at the hearings held before the Court during this Chapter 11 Case, including, without limitation, the Confirmation Hearing.

D.    <u>Burden of Proof</u>.  The Debtor, as the plan proponent, has met its burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence as determined herein.

E.    <u>Solicitation and Notice</u>.  To obtain the requisite acceptances of the Plan, on or about July 10, 2012 (the "<u>Solicitation Commencement Date</u>"), the Debtor commenced the solicitation of votes to accept or reject the Plan from the Holders of Claims and Equity Interests in Classes 3, 4, 5 and 6 (the "<u>Voting Classes</u>") who held such Claims or Equity Interests as of April 3, 2012 (the "<u>Voting Record Date</u>").  To accomplish this, the Debtor caused the Claims Agent to transmit to (1) Holders of Claims and Equity Interests entitled to vote copies of: (i) a cover letter from the Debtor which described the contents of the Solicitation Package, explained that the Plan Supplement would be filed on or before fifteen (15) days before the Voting Deadline, explained the solicitation process and urged members of the Voting Classes to vote to accept the Plan; (ii) a letter from the Committee that explained the solicitation process, highlighted the releases in the Plan and urged members of the Voting Classes to vote to accept the plan; (iii) the Disclosure Statement together with the Plan and all other exhibits annexed thereto; (iv) the Solicitation Procedures Order, excluding exhibits annexed thereto; (v) notice of the confirmation hearing (the "<u>Confirmation Hearing Notice</u>"); and (vi) an appropriate Ballot (as defined in the Solicitation Procedures Order) with a pre-addressed return envelope (collectively, the "<u>Voting Packages</u>"); (2) the Office of the United States Trustee for the District of Nevada, the District Director of the Internal Revenue Service, the Securities and Exchange Commission, the Office of the United States Attorney for the District of Nevada, counsel to the Committee, counterparties to executory contracts or unexpired leases and those parties requesting notice pursuant to Bankruptcy Rule 2002 (to the extent such parties in interest did not otherwise receive a Solicitation Package pursuant to the Solicitation Procedures Order) copies of (i) the

Disclosure Statement together with the Plan and all other exhibits annexed thereto; (ii) the Solicitation Procedures Order without exhibits; and (iii) the Confirmation Hearing Notice (collectively, the "Information Packages"); and (3) Holders of Claims in the Unimpaired Classes, Holders of Unclassified Claims, and Holders of all other Claims or Equity Interests that did not otherwise receive a Solicitation Package or Information Package pursuant to the terms of the Solicitation Procedures Order, copies of (i) the Confirmation Hearing Notice and (ii) the Notice of Non-Voting Status (as defined in the Solicitation Procedures Order) (collectively, the "Non-Voting Packages," and with the Voting Packages and the Information Packages, the "Solicitation Packages"). The Solicitation Packages were transmitted and served as set forth in the Solicitation Affidavit, and such transmittal and service of the Solicitation Packages constitutes due and sufficient notice of the Plan, the Confirmation Hearing, and the deadlines for submitting Ballots (as defined in the Solicitation Procedures Order) and filing objections to confirmation of the Plan.  Such notice with respect to the Solicitation Packages was adequate and sufficient under the circumstances, was given in compliance with Bankruptcy Rules 2002, 3017 and 3020 and the Solicitation Procedures Order, and given the notice with respect to the Solicitation Packages and the Publication Notice, no other or further notice shall be required.  All parties in interest in the Chapter 11 Case had a full and fair opportunity to appear and be heard at the Confirmation Hearing.

F.      Good Faith Solicitation.  Votes to accept or reject the Plan were solicited fairly, in good faith, and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws and regulations.  Based on the record of the Chapter 11 Case, each of the Released Parties has acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in connection with the solicitation of votes to accept the Plan. Accordingly, the Released Parties are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

G.      Acceptance of the Plan by Impaired Classes of Claims.  As evidenced by the Voting Affidavit, at least one Impaired Class of Claims entitled to vote on the Plan has voted to accept the Plan, without counting the votes of any "insiders," as such term is defined in section 101(31) of the

Bankruptcy Code.  Specifically, Classes 3 and 4, which are Impaired Classes of Claims, have voted to accept the Plan.  While Class 5 has also accepted the Plan based upon the Voting Affidavit, the Debtor agreed with Lead Plaintiffs that Lead Plaintiffs could cast a vote on behalf of the Securities Plaintiffs.  While the Debtor expressly retains any and all rights to challenge the Claims of the Lead Plaintiffs and retained the right to challenge the manner in which Ballots are counted for purposes of Class 5, for purposes of confirmation of the Plan, the Debtor will treat Class 5 as having rejected the Plan.  The Debtor did accept all non-conforming Ballots as acceptances or rejections of the Plan, unless the Holder of the Claim or Equity Interest failed to indicate an acceptance or rejection of the Plan on the Ballot.

H.      Propriety of Various Agreements and Documents Relating to the Plan.  In  light of all of the circumstances and the record in this Chapter 11 Case, each transaction contemplated in connection with the Plan, as identified in the Plan, and any other document or agreement that is necessary to implement the Plan, is integral to the terms, conditions and settlements set forth in the Plan and is critical to the implementation of the Plan.  All contracts, instruments, releases, agreements and documents related to, or necessary to implement, effectuate and consummate the Plan, including each transaction contemplated in the Plan, are valid, proper and reasonable under the circumstances and due and sufficient notice thereof has been provided in connection with approval of the Disclosure Statement and confirmation of the Plan.

I.      Releases, Exculpations and Injunctions.  Based upon the facts and circumstances of this Chapter 11 Case, the releases, exculpations and injunctions set forth in Article XI of the Plan are supported by good and valuable consideration, the adequacy of which is hereby confirmed, are fair, equitable, and reasonable, are supported by the record of this Chapter 11 Case, and are in the best interests of the Debtor, the Estate, and the Holders of Claims against and Equity Interests in the Debtor.

J.      Executory Contracts Deemed Assumed and Rejected.  The Debtor has expressly set forth in Paragraph 11 of the Confirmation Order those Executory Contracts to be assumed and assigned to the Liquidating Trust.  The Debtor will reject any remaining Executory Contracts.  The assumption and assignment of the Executory Contracts set forth in Paragraph 11 of the Confirmation

7

1  Order and the rejection by the Debtor of its remaining Executory Contracts that were not previously

2  assumed, assumed and assigned or rejected, as provided for in Article IX of the Plan, satisfies the

3  applicable provisions of the Bankruptcy Code, is supported by the Debtor's sound business judgment,

4  and is in the best interests of the Debtor and its Estate.   The assumption and assignment of the

5  Executory Contracts set forth in Paragraph 11 of the Confirmation Order and the rejection of any

6  Executory Contract pursuant to the Plan shall be legal, valid, and binding as of the entry of the

7  Confirmation Order upon the Debtor, the Liquidating Trust and all non-Debtor parties to such

8  Executory Contract.

9        K.     <u>No Regulatory Authority Required</u>.  No registration under any applicable federal or

10  state securities laws to the fullest extent permissible under applicable non-bankruptcy law and under

11  bankruptcy law, including, without limitation, section 1145(a) of the Bankruptcy Code, is required to

12  implement the Plan.  The beneficial interests in the Liquidating  Trust shall be transferable only  to

13  the extent that the transferability thereof would not require the Liquidating Trust to register the

14  beneficial interests under Section 12(g) of the Securities Exchange Act of 1934, as amended, and

15  otherwise shall not be transferable except as provided in the Liquidating  Trust Agreement.

16        L.     <u>Compliance with Requirements of Section 1129 of the Bankruptcy Code</u>.  The Plan

17  satisfies all requirements for confirmation under section 1129 of the Bankruptcy Code.

18        (i)     <u>Section 1129(a)(1) – Compliance with Applicable Provisions of the</u>

19  <u>Bankruptcy Code</u>.  The Plan complies with all applicable provisions of the Bankruptcy Code as

20  required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, sections 1122

21  and 1123 of the Bankruptcy Code and Bankruptcy Rule 3016.

22        (ii)     <u>Section 1122 – Classification of Claims and Equity Interests</u>.  In accordance

23  with section 1122(a) of the Bankruptcy Code, each Class of Claims against and Equity Interests in the

24  Debtor contains only Claims or Equity Interests that are substantially similar to the other Claims or

25  Equity Interests within that Class.  Valid business, factual and legal reasons exist for separately

26  classifying the various Classes of Claims against and Equity Interests in the Debtor under the Plan.

27        (iii)     <u>Section 1123(a) – Mandatory Provisions of the Plan</u>.  The Plan fully complies

28  with each requirement of section 1123(a) of the Bankruptcy Code, as set forth below:

a.    Section 1123(a)(1).    Article II of the Plan properly designates all Claims and Equity Interests that require classification, as required by section 1123(a)(1) of the Bankruptcy Code.  Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not required to be designated into Classes.

b.    Section 1123(a)(2).    In accordance with section 1123(a)(2) of the Bankruptcy Code, Article II of the Plan specifies each Class of Claims or Equity Interests that is Unimpaired under the Plan.  In particular, Articles II and IV of the Plan provides that Classes 1 (Other Priority Claims) and 2 (Secured Claims) are Unimpaired under the Plan and sets forth their treatment.

c.    Section 1123(a)(3).    In accordance with section 1123(a)(3) of the Bankruptcy Code, Article IV of the Plan specifies the treatment of each Class of Claims and each Class of Equity Interests that is Impaired under the Plan.  In particular, Article IV of the Plan specifies the treatment of Classes 3 (General Unsecured Claims), 4 (Noteholders' Securities Claims), 5 (Shareholders Securities' Claims) and 6 (Equity Interests).

d.    Section 1123(a)(4).    In accordance with section 1123(a)(4) of the Bankruptcy Code, Article IV of the Plan provides the same treatment for each Claim or Equity Interest in a given Class unless the Holder of such Claim or Equity Interest agrees to less favorable treatment.

e.    Section 1123(a)(5).    In accordance with section 1123(a)(5) of the Bankruptcy Code, Article VI of the Plan provides adequate means for the Plan's implementation.  For example, the Plan provides, *inter alia,* for the funding and establishment of the Liquidating Trust and the automatic transfer of the Liquidating Trust Assets into the Liquidating Trust as set forth more fully in Article VI of the Plan.  The Liquidating Trustee shall be vested with the right to liquidate the assets and make Distributions to Holders of Allowed Claims and Allowed Equity Interest, in accordance with the Plan.  Accordingly, the Plan satisfies the requirements set forth in Section 1123(a)(5) of the Bankruptcy Code.

f.    Section 1123(a)(6).  Because the Debtor is liquidating under the Plan and dissolved as of the Effective Date, the Debtor is not issuing any new charter or other

9

organizational document.   Therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

g.      Section 1123(a)(7).  By incorporating the Plan Supplement, the Plan satisfies the requirements set forth in 1123(a)(7) of the Bankruptcy Code.  The Liquidating Trustee, Michael D. Kang of Alvarez & Marsal North America LLC, and the members of the Liquidating Trust Advisory Board are identified in the Plan Supplement.  In addition, the fee arrangements for the Liquidating Trustee and Liquidating Trust Advisory Board are set forth in the form of Liquidating Trust Agreement filed as part of the Plan Supplement.  The background and qualifications of Mr. Kang and the members of the Liquidating Trust Advisory Board were also included in the Plan Supplement.

(iv)    Section 1123(b) – Discretionary Provisions of the Plan.  In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan does not contain any discretionary provision that is inconsistent with the applicable provisions of the Bankruptcy Code.

(v)     Bankruptcy Rule 3016.  Identification of the Plan; Conspicuous Injunction.  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the entity submitting it as proponent.  Other than conduct otherwise enjoined by the Bankruptcy Code, the Plan describes in specific and conspicuous language all acts to be enjoined and identifies the parties subject to such injunction, in accordance with Bankruptcy Rule 3016(c).

(vi)    Section 1129(a)(2) – Compliance by the Debtor with Applicable Provisions of the Bankruptcy Code.  The Debtor has complied with all applicable provisions of the Bankruptcy Code, including, without limitation, sections 1123, 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.  The procedures by which the Ballots for acceptance or rejection of the Plan were solicited and tabulated were fair, properly conducted, and in accordance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, and any and all other applicable rules, laws and regulations.  Votes with respect to the Plan were solicited in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and all other applicable rules, laws and regulations.

Based on the record before the Court, the Released Parties have solicited votes on the Plan and have participated in the activities described in section 1125 of the Bankruptcy Code in good faith, within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws and regulations and, accordingly, the Released Parties are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article XI of the Plan.

(vii)    Section 1129(a)(3) – The Debtor Has Proposed the Plan in Good Faith.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law.  Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow the Debtor to liquidate while maximizing recoveries to its creditors and equity holders.  In determining that the Plan was proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the Plan itself, and the process leading to its formulation.  Based on the foregoing, the facts and record of this Chapter 11 Case, the Disclosure Statement and the record of the Confirmation Hearing, the Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

(viii)    Section 1129(a)(4) – Court Approval of Certain Administrative Expense Payments.  In accordance with section 1129(a)(4) of the Bankruptcy Code, no payment for services or costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incidental to the Chapter 11 Case, including Professional Fee Claims, has been or will be made by the Debtor other than payments that have been authorized by order of the Court.  Articles III and VII of the Plan provides for the payment of various Administrative Claims which are subject to the Court's approval and the standards of the Bankruptcy Code.  Accordingly, the provisions of the Plan comply with section 1129(a)(4) of the Bankruptcy Code.

(ix)    Section 1129(a)(5) – Disclosure of Identity of Officers and the Compensation of Insiders.  The Debtor has provided the information required under section 1129(a)(5) by identifying the Liquidating Trustee and the members of the Liquidating Trust Advisory Board in the Plan Supplement, including the Liquidating Trustee's and the Liquidating Trust Advisory Board's

proposed fee arrangement (as set forth in the proposed Liquidating Trust Agreement included in the Plan Supplement) and background information relating to the Liquidating Trustee and the members of the Liquidating Trust Advisory Board (as included in the Plan Supplement).  No officer or director of the Debtor will continue after the Effective Date.  The Debtor will be deemed dissolved as of the Effective Date in accordance with Article 6.9 of the Plan, and the Debtor's officers and directors will be deemed to have resigned as of the Effective Date.  Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

(x)    Section 1129(a)(6) – Approval of Rate Changes.  The Plan does not provide for any rate changes subject to the jurisdiction of any governmental regulatory commission.  Accordingly, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

(xi)    Section 1129(a)(7) – Best Interests of Holders of Claims and Equity Interests.  The Plan satisfies the "best interests of creditors" test under section 1129(a)(7) of the Bankruptcy Code.  With respect to each Impaired Class of Claims or Equity Interests, each Holder of an Allowed Claim or an Allowed Equity Interest in such Class has either accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount such Holder would receive or retain if the Debtor was liquidated on the Effective Date pursuant to chapter 7 of the Bankruptcy Code.  Accordingly, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

(xii)    Section 1129(a)(8) – Acceptance of the Plan by Each Impaired Voting Class.  As indicated in Article II of the Plan, Classes 1 and 2 are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Classes 3 and 4, which are Impaired Classes of Claims, have voted to accept the Plan.  Classes 5 and 6, which are Impaired Classes of Claims and Equity Interests, respectively, have voted to reject the Plan (or, for Class 5, as noted herein, such Class is being treated as rejecting the Plan for confirmation purposes).  The Debtor intends to proceed with confirmation of the Plan under section 1129(b) of the Bankruptcy Code given that Classes 5 and 6 rejected the Plan.

(xiii)    Section 1129(a)(9) – Treatment of Claims Entitled to Priority.    The Plan provides for the treatment of Claims entitled to priority pursuant to sections 507(a)(2)-(8) of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code.

(xiv)    Section 1129(a)(10) – Acceptance by at Least One Impaired, Non-Insider Class.    In accordance with the requirements of section 1129(a)(10) of the Bankruptcy Code and as evidenced by the Voting Affidavit, at least one Impaired Class of Claims under the Plan has accepted the Plan, excluding the votes of insiders.    As noted herein, Classes 3 and 4, which are Impaired Classes, have voted to accept the Plan (excluding the votes of insiders).    Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

(xv)    Section 1129(a)(11) – Feasibility of the Plan.    The Plan adequately provides the means for the Debtor's liquidation.    The Plan provides funding for the Liquidating Trust to liquidate the remaining assets vested in the Liquidating Trust and, to the extent applicable, to make the necessary Distributions under the Plan.    The Plan further provides a mechanism for the time and method of Distributions.    See Plan, Article VII.    The Plan is feasible because it: (i) provides the financial wherewithal necessary to implement the Plan; and (ii) offers reasonable assurance that the Plan is workable and has a reasonable likelihood of success.    Accordingly, the Plan satisfies the requirements of feasibility under section 1129(a) of the Bankruptcy Code.

(xvi)    Section 1129(a)(12) – Payment of Statutory Bankruptcy Fees.    Article 3.2 of the Plan provides for the payment, on or before the Effective Date, of any fees due pursuant to section 1930 of title 28 of the United States Code or other statutory requirement.    Therefore, the Plan meets the requirements of section 1129(a)(12) of the Bankruptcy Code.

(xvii)    Section 1129(a)(13) – Treatment of Retiree Benefits.    The Debtor has no obligations to provide any such retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

(xviii)    Sections 1129(a)(14)-(16) – Domestic Obligations, Individual Debtor, or Nonprofit Corporation or Trusts.    The Debtor is not (a) required to pay any domestic support obligations, (b) an individual, or (c) a nonprofit corporation or trust.    Accordingly, sections 1129(a)(14) through (16) of the Bankruptcy Code are not applicable to the Plan.

(xix)   <u>Section 1129(b) - The Plan Is Fair and Equitable with Respect to the Impaired Classes That Voted to Reject the Plan</u>.  The Plan is fair and equitable with respect to the Classes of Impaired Claims rejecting the Plan, as required by Section 1129(b)(1) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the Debtor's failure to satisfy section 1129(a)(8) of the Bankruptcy Code.  The Plan satisfies the "fair and equitable" requirement as to Classes 5 and 6, which voted to reject the Plan.  With respect to Class 5 (which, for confirmation purposes, is treated as rejecting the Plan), this Class consists of the Shareholders' Securities Claims, which are subordinate to the Holders of Claims in Classes 3 and 4.  The Holders of Allowed Shareholders' Securities Claims will receive their Pro Rata share of the Liquidating Trust Assets after payment in full in cash and/or other distributable property, as applicable, of all Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Secured Claims, Allowed General Unsecured Claims, Allowed Noteholders' Securities Claims and any expenses of the Liquidating Trust.  Allowed Class 5 Claims are treated *pari passu* with the Allowed Class 6 Equity Interests in accordance with section 510(b) of the Bankruptcy Code.  With respect to Class 6, this Class consists of the Holders of Equity Interests, which are subordinate to the Holders of Claims in Classes 3 and 4 and, pursuant to section 510(b) of the Bankruptcy Code, *pari passu* with the Holders of Claims in Class 5 (Shareholders' Securities Claims).  The Holders of Allowed Equity Interests will receive their Pro Rata share of the Liquidating Trust Assets after payment in full in cash and/or other distributable property, as applicable, of all Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Secured Claims, Allowed General Unsecured Claims, Allowed Noteholders' Securities Claims and any expenses of the Liquidating Trust.  There are no Classes junior to Classes 5 and 6 that will receive Distributions before all Allowed Class 5 and 6 Claims and Equity Interests are paid in full.  Additionally, Holders of Claims in Classes senior to Classes 5 and 6 will not receive more than 100% of the value of their Allowed Claims.  Accordingly, the Plan satisfies the requirements of sections 1129(b)(2)(B) and 1129(b)(2)(C) for the Impaired Classes that voted to reject the Plan and, therefore, is fair and equitable with respect to those Classes.

(xx)   <u>Section 1129(b) - The Plan Does Not Discriminate Unfairly with Respect to the Impaired Classes That Have Rejected the Plan</u>.  The Plan does not discriminate with respect to the

Classes of Impaired Claims rejecting the Plan, as required by Section 1129(b)(1) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the Debtor's failure to satisfy section 1129(a)(8) of the Bankruptcy Code.  The Debtor has separately classified Classes 5 and 6, which rejected the Plan (with respect to Class 5, such Class is being treated as rejected for confirmation hearing purposes), from all other Impaired Classes Claims, specifically Class 3 Claims (General Unsecured Claims) and Class 4 Claims (Noteholders' Securities Claims), all of which are entitled to be paid before Classes 5 and 6.  Once all Allowed Claims that are senior to Classes 5 and 6 are paid in full or as provided for under the Plan, the Holders of Allowed Class 5 and 6 Claims and Equity Interests will be entitled to receive a Distribution under the Plan and in accordance with the priorities established under the Bankruptcy Code.  Therefore, the Plan does not unfairly discriminate with respect to the Impaired Classes, and the cram down test of section 1129(b) is satisfied.

(xxi)   Section 1129(d) – Principal Purpose of the Plan.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (the "Securities Act"), and no party in interest has filed an objection alleging otherwise. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

///

///

///

///

///

///

///

///

///

///

///

///

///

RESPECTFULLY PREPARED AND SUBMITTED BY:

/s/ *Nancy A. Peterman*
KEITH J. SHAPIRO, ESQ.
NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Telephone:  312-456-8400
Facsimile:  312-456-8435
Email: shapirok@gtlaw.com
Email: petermann@gtlaw.com

and

BOB L. OLSON, ESQ.
Nevada Bar No. 3783
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
Telephone:  702-792-3773
Facsimile:  702-792-9002
Email: olsonb@gtlaw.com

*Counsel for Debtor and Debtor-in-Possession*

16

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows **(check one)**:

☐      The court has waived the requirement of approval under LR 9021.

☐      This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☒      This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

CHRIS DONOHO and CATHERINE YU, on behalf of the COMMITTEE --- APPROVED

ROBERT KINAS and BLAKELY GRIFFITH, on behalf of the COMMITTEE -- NO RESPONSE

JOHN K. LYONS, FRANCES KAO and BRADLEY WILSON, on behalf of the SPECIAL COMMITTEE OF THE BOARD -- NO RESPONSE

JENNIFER SMITH, on behalf of the SPECIAL COMMITTEE OF THE BOARD -- NO RESPONSE

STEVE DOLLAR, on behalf of the INDEPENDENT MEMBERS OF THE BOARD -- NO RESPONSE

IRA LEVEE and MICHAEL ETKIN, on behalf of the BANKRUPTCY COUNSEL FOR THE LEAD PLAINTIFFS AND THE PUTATIVE CLASS -- NO RESPONSE

SANDRA LAVIGNA, on behalf of the SECURITIES AND EXCHANGE COMMISSION -- NO RESPONSE

WILLIAM COSSITT, on behalf of the OFFICE OF THE U.S. TRUSTEE -- NO RESPONSE

☐      I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.