GARY G. GOODHEART
Nevada Bar #1203
AMANDA J. COWLEY
Nevada Bar # 4578
FENNEMORE CRAIG JONES VARGAS
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
E-mail: ggoodhea@fclaw.com
        acowley@fclaw.com
        wklomp@fclaw.com

STUART M. GRANT
MEGAN D. MCINTYRE
CHRISTINE M. MACKINTOSH
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100
E-mail: sgrant@gelaw.com
        mmcintyre@gelaw.com
        cmackintosh@gelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No.: BK-11-52649 |
| | ) Chapter 11 |
| SHENGDATECH, INC. | ) Date of Hearing:  October 11, 2012 |
| | ) Time:  2:00 p.m. |
| Debtor. | ) |
| | ) **OPPOSITION TO HANSEN, BARNETT** |
| | ) **& MAXWELL P.C.'S EMERGENCY** |
| | ) **MOTION TO QUASH SUBPOENA IN** |
| | ) **VIOLATION OF RULE 2004 AND THE** |
| | ) **PSLRA AUTOMATIC STAY** |
| | ) |

Oaktree Capital Management, L.P., Lazard Asset Management LLC, Angelo, Gordon & Co., L.P., Zazove Associates LLC, CNH Partners LLC, Advent Capital Management, LLC, AQR Capital Management, LLC, and HFR CA Lazard Rathmore Master Trust (collectively,

"Creditors"), acting as or on behalf of creditors of ShengdaTech, Inc. ("ShengdaTech" or "Debtor"), hereby oppose Hansen, Barnett & Maxwell P.C.'s Emergency Motion To Quash Subpoena In Violation Of Rule 2004 And The PSLRA Automatic Stay.

This Opposition is made and based upon the Points and Authorities filed herewith and any oral argument to be presented at the time of the hearing.

Dated:  October 9, 2012                              Respectfully submitted,


                                        _____/s/ Amanda J. Cowley_____
                                        GARY G. GOODHEART
                                        Nevada Bar #1203
                                        AMANDA J. COWELY
                                        Nevada Bar #4578
                                        FENNEMORE CRAIG JONES VARGAS
                                        3773 Howard Hughes Parkway
                                        Third Floor South
                                        Las Vegas, NV 89169
                                        Telephone: (702) 862-3300
                                        Facsimile: (702) 737-7705

                                        STUART M. GRANT
                                        MEGAN D. MCINTYRE
                                        CHRISTINE M. MACKINTOSH
                                        GRANT & EISENHOFER P.A.
                                        123 Justison Street
                                        Wilmington, DE 19801
                                        Telephone: (302) 622-7000
                                        Facsimile: (302) 622-7100

                                        *Attorneys for Creditors*

**POINTS AND AUTHORITIES**

**INTRODUCTION**

Creditors oppose the motion filed by Hansen Barnett & Maxwell P.C. ("Hansen") seeking to quash a Subpoena For Rule 2004 Examination (the "Subpoena") that Creditors issued to ShengdaTech seeking information from ShengdaTech concerning the facts and circumstances that led to its bankruptcy. Creditors collectively purchased $92 million of notes issued by ShengdaTech in 2008 and 2010. Creditors – two of whom have been appointed to serve as members of the Official Committee of Unsecured Creditors of ShengdaTech (the "Creditors Committee")[1] due to their unfortunate position of being among ShengdaTech's largest unsecured creditors – continue to hold $75 million of these notes, on which ShengdaTech has defaulted. ShengdaTech stands ready, willing, and able to respond to the Subpoena and has, in fact, already compiled responsive documents.

Hansen, having failed in its misdirected effort to get the United States District Court for the District of Nevada (the "District Court") to quash the Subpoena, now asks this Court to do what the District Court declined to do: prohibit ShengdaTech from producing to some of its largest unsecured creditors documents that *it is willing to produce* concerning the facts and circumstances that led to its collapse into bankruptcy. Hansen's motion should be denied, for any one of at least four reasons. First, Hansen lacks standing to challenge the Subpoena, which is directed to ShengdaTech. Second, the discovery stay in the District Court action to which Hansen is a defendant does not extend to this bankruptcy proceeding. Third, the Subpoena does not implicate, much less offend, the policy considerations underlying the stay of discovery in the District Court action. Fourth, the Subpoena is within the liberal scope of discovery permitted

---

[1] Plaintiffs Zazove Associates LLC and Advent Capital Management, LLC are members of the Creditors Committee, as is AG OFCON, LLC, a fund managed by Plaintiff Angelo, Gordon & Co., L.P. *See* Exhibit A hereto (Amended Notice of Appointment of Committee of Unsecured Creditors, characterizing these Plaintiffs as "among those holding the largest unsecured claims" in the ShengdaTech Bankruptcy).

under Federal Rule of Bankruptcy Procedure 2004.  Accordingly, Hansen's second attempt to quash the Subpoena should, like its first, be denied.

## BACKGROUND

Creditors collectively purchased over $92 million of ShengdaTech notes ("Notes") issued in 2008 and 2010.  In March 2011, ShengdaTech announced the discovery of "potentially serious discrepancies and unexplained issues" surrounding ShengdaTech's financial statements. ShengdaTech appointed a Special Committee to conduct an investigation, and as additional information came to light, ShengdaTech defaulted on the Notes and collapsed into bankruptcy. Creditors (or the funds and clients on whose behalf Creditors purchased the Notes) continue to hold more than $75 million of Notes and, as such, are substantial creditors of ShengdaTech. Two of the Creditors are members of the Creditors Committee.

Unable to recover from the bankrupt ShengdaTech, Noteholders have instituted private litigation against the auditors and underwriters of the Notes seeking to recover for their extensive losses.  The complaint in one such action – *Miller Investment Trust v. Morgan Stanley & Co., Inc., et. al.*, C.A. No. 1:11-cv-12126-JLT (D. Mass.) – has been sustained[2] and fact discovery likely will proceed apace in that action both against defendants – Morgan Stanley, one of the underwriters of the Notes, and KPMG Hong Kong,[3] one of ShengdaTech's auditors – and third parties who may have discoverable information concerning ShengdaTech's issuance of the Notes and collapse into bankruptcy.

On June 6, 2012, Creditors filed a complaint in the District Court against ShengdaTech's former outside auditors, which include Hansen and entities that are members of the KPMG global accounting conglomerate,[4] and against Morgan Stanley seeking to recover the losses

---

[2] *See Miller Inv. Trust v. Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ----, 2012 WL 3017690 (D. Mass. July 24, 2012).

[3] The parties in the *Miller* action agreed to an extended briefing schedule for KPMG Hong Kong's anticipated motion to dismiss, and accordingly the court has yet to rule on plaintiff's claims against KPMG Hong Kong.

[4] Creditors named KPMG (a Hong Kong partnership), KPMG International Cooperative, and KPMG LLP (a United States partnership) (collectively, "KPMG") as defendants in the District Court action.

Creditors sustained on their investments in the Notes. The District Court action is proceeding under the caption *Oaktree Capital Management, L.P., et. al. v. KPMG, et. al.*, Case No. 2:12-cv-00956-JCM-(GWF). Hogan Lovells US LLP ("Hogan Lovells") – which serves as counsel to the Creditors Committee and the Liquidating Trust (which is authorized to pursue litigation in China in an effort to collect more money for distribution to ShengdaTech's creditors) – has appeared in the District Court action as counsel for KPMG LLP, despite the conflict of interest presented by these dual representations.[5]

During the bankruptcy, Hogan Lovells did not conduct any Rule 2004 discovery on behalf of the Creditors Committee. To ensure that their interests are being protected and that all appropriate legal claims are being pursued, Creditors served the Subpoena on ShengdaTech on August 17, 2012, seeking to uncover information concerning the exact facts and circumstances that led to ShengdaTech's demise, including, but not limited to, the roles of KPMG and Hansen, and the outcome of the Special Committee investigation. Subsequently, Creditors engaged in discussions with Debtor's counsel concerning the documents they were seeking and agreed upon a search protocol for Debtor to follow in gathering the documents. Debtor has at all times been willing to produce documents in response to the Subpoena.

On September 13, 2012, Debtor's counsel informed Hansen that it would be producing documents in response to the Subpoena. Hansen then informed Debtor's counsel that it planned to take legal action to prevent enforcement of the Subpoena. Debtor's counsel agreed to hold off on producing the documents for a short time to permit Hansen to file a motion.

On September 19, 2012, Hansen filed a motion in the ***District Court*** asking it to quash the Subpoena. KPMG and Morgan Stanley joined in that motion. Hansen argued, as it does here, that a discovery stay in place in the District Court action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") prevented ShengdaTech – which is not a party to the District Court action – from responding to the Subpoena. Creditors opposed Hansen's motion because (1) only this Court, from which the Subpoena issued, has jurisdiction to entertain

---

[5] Creditors have moved in the District Court action to disqualify Hogan Lovells from representing KPMG LLP.

1  a motion to quash; (2) Hansen lacked standing to object to the Subpoena, because it was not the

2  party to whom the Subpoena was directed; (3) the PSLRA discovery stay – by its very terms – is

3  inapplicable to discovery in any action other than a private action alleging violations of the

4  federal securities laws; and (4) the policy considerations undergirding the PSLRA stay – namely,

5  to prevent a plaintiff in a private securities action from imposing onerous discovery costs on

6  defendants in the hopes of extracting quick settlements of frivolous claims – were not implicated

7  by the Subpoena.

8      On September 28, 2012, the District Court heard oral argument on Hansen's motion to

9  quash.  The District Court denied the motion, ruling that it lacked jurisdiction to quash the

10 Subpoena.  The District Court also denied Hansen's request to stay enforcement of the Subpoena

11 to permit Hansen to file a motion in this Court to quash the Subpoena.

12     Because Debtor's time for response to the Subpoena had expired on September 18, 2012,

13 Creditors immediately apprised Debtor's counsel of the District Court's ruling, and Debtor's

14 counsel took steps to finalize its anticipated document production.  On the evening of October 2,

15 2012, Hansen filed the instant motion, unaccompanied by a motion for an expedited hearing.

16 After Debtor's counsel reached out to Hansen to express its discomfort with continuing to flout

17 the Subpoena and questioned whether Hansen planned to move to expedite a hearing on this

18 motion, Hansen belatedly sought an expedited hearing.

19     Hansen's effort to hide behind the PSLRA stay to prevent Creditors from marshaling

20 information that might enhance their recovery on their Notes should be denied.

21                    **ARGUMENT**

22 **I.      HANSEN LACKS STANDING TO MOVE TO QUASH THE SUBPOENA**

23     Hansen's motion to quash[6] should be denied because Hansen lacks standing to challenge

24 the Subpoena.  A party generally does not have standing to move to quash a subpoena issued to a

---

25 [6] Oddly, Hansen asks that this Court grant its motion to quash "pursuant to . . .  Fed. R. Civ. P.

26 26(c)."  Federal Rule of Civil Procedure 26(c) authorizes courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment,

27 oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Because Hansen has not attempted to identify any "annoyance, embarrassment, oppression, or undue burden" that would

28 befall it if the Debtor were to respond to the Subpoena, Hansen's motion should be denied.

non-party. *See Russo v. Lopez*, 2012 WL 3860827, at *2 (D. Nev. Sept. 5, 2012). *See also In re Pilgrim's Pride Corp.*, 2010 WL 6444583 (Bankr. N.D. Ga. Oct. 22, 2010) (denying movant's motion to quash a subpoena that was not directed to it in bankruptcy action); *In re Ortiz Romany*, 2006 WL 3909778 (Bankr. D.P.R. June 16, 2006) (same). While some (though not all) of the documents requested from ShengdaTech may pertain to Hansen, "the mere fact that the subpoenaed documents pertain to [a party] does not confer standing [upon the party] to move to quash the subpoena." *1st Tech. LLC v. Rational Enters. Ltd.*, 2007 WL 5596692, at *3 (D. Nev. Nov. 13, 2007). Although some courts have permitted a party to challenge a subpoena issued to a non-party if the subpoena affects some personal right or privilege of the party, such as when it seeks the party's personal financial information,[7] "this rule has not been applied by the United States Court of Appeals for the Ninth Circuit." *In re Rhodes Cos., LLC*, 475 B.R. 733, 738 (D. Nev. 2012).[8] Nor would it be applicable to the facts underlying this motion. Here, there is no reason to believe that all, or even a substantial portion, of the subpoenaed documents will relate to Hansen in any way. Hansen plainly has no standing to block ShengdaTech's production of documents that do not relate to it. To the extent that the Subpoena seeks the production of documents that *do* pertain to Hansen, Hansen has identified no personal right or privilege that is implicated, and thus Hansen lacks any arguable standing to challenge the Subpoena.[9]

---

[7] *See id.* ("The courts generally hold that a party has a personal right or stake where the subpoena seeks personal information such as the party's bank records and the party has grounds to object to the relevancy of the records."). *See also Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010) (collecting cases); 9A Charles A. Wright & Arthur Miller, Fed. Practice and Procedure § 2463.1 (parties lack standing to challenge a subpoena issued to non-parties unless they claim a personal right or privilege in the material sought).

[8] While Federal Rule of Civil Procedure 45(c)(3)(B) permits a party who is "affected by a subpoena" to move to quash on certain grounds (*e.g.*, where the subpoena requires disclosure of unretained expert opinions, trade secrets, or other confidential research, development or commercial information), Hansen has not invoked this rule in its motion and has not asserted any of the grounds that permit a person who is merely "affected by" a subpoena to move to quash.

[9] Hansen's reliance on *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997) for the proposition that it has standing to challenge the Subpoena is misplaced, because the subpoena at issue in *Powers* was served in a securities fraud action to which the PSLRA unquestionably applied. *Powers* does not stand for the broad proposition that a party may challenge a subpoena issued to a non-party in a non-securities fraud action simply by invoking the rubric of the PSLRA stay.

## II.    THE PSLRA STAY IS INAPPLICABLE TO A SUBPOENA SERVED IN A BANKRUPTCY PROCEEDING

Even assuming, *arguendo*, that Hansen had standing to make this motion, the motion should be denied because it is based entirely on the PSLRA discovery stay, which is inapplicable to the Subpoena. The PSLRA imposes a stay of discovery in a securities fraud action during the pendency of a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). The plain language of the PSLRA demonstrates Congress's intent that the discovery stay apply only to proceedings "[i]n a[] private action arising under [the federal securities laws]" and, where the district court deems it necessary, "in a[] private action in a State court." § 78u-4(b)(3)(B), (D). "The PSLRA automatic stay 'does not apply to government investigations, ***bankruptcy proceedings***, internal investigations, or non-PSLRA actions.'" *Dipple v. Odell*, --- F. Supp. 2d ----, 2012 WL 1548950, at *6 (E.D. Pa. May 2, 2012) (emphasis added) (quoting *In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) (noting that "[t]he discrepancy between PSLRA actions and other actions … is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions" and that "this Court may not second-guess that judgment")). Because the Subpoena was served in a bankruptcy proceeding, and not in a private securities fraud action, the PSLRA stay provides no basis to quash that Subpoena.[10]

Hansen's reliance on a single case from a bankruptcy court outside of the Ninth Circuit for the proposition that the PSLRA stay should prevent otherwise permissible discovery from going forward in a bankruptcy action – namely, *In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) – is unavailing. *Enron* is not controlling precedent here and should be disregarded as flatly inconsistent with the plain language of the PSLRA, which applies only to discovery in securities fraud actions. Further, *Enron* is factually distinguishable, because in

---

[10] Hansen's citation of *In re DOT Hill Systems Corp. Securities Litigation*, 594 F. Supp. 2d 1150 (N.D. Cal. 2008) and *In re Crompton Corp. Securities Litigation*, 2005 U.S. Dist. LEXIS 23001 (D. Conn. July 25, 2005) misses the mark. Those cases involved extensions of the PSLRA discovery stay to *state court actions* – something that is expressly permitted by the PSLRA (as amended by the Securities Litigation Uniform Standards Act). *See* 15 U.S.C. § 78u-4(b)(3)(D). There is no similar statutory authority to extend the PSLRA discovery stay to bankruptcy proceedings.

*Enron* the securities plaintiffs were attempting to gain access to the objecting parties' own documents, not the debtor's documents. *Id.* at 839. Here, Creditors have requested Debtor's documents, and Debtor stands ready, willing, and able to produce.

The more recent case from the Southern District of New York, albeit the District Court not the Bankruptcy Court, *In re Refco, Inc.*, 2006 WL 1379616, at *3 (S.D.N.Y. May 16, 2006), provides a better-reasoned approach than the *Enron* court. In *Refco*, Judge Lynch explained that the PSLRA discovery stay is limited to securities cases and declined to withdraw the reference from the bankruptcy court on a motion concerning the propriety of a Rule 2004 subpoena:

> The PSLRA's stay provision prevents plaintiffs in securities class actions from imposing discovery burdens on defendants prior to a judicial determination that the plaintiffs' claims have a basis in the law. ***The PSLRA does not, however, build a wall around defendants' documents and officials for all purposes in all other proceedings. The oversight of discovery in [a] bankruptcy proceeding is a core bankruptcy matter, and the existence of an independent PSLRA action does not require [the district court in the PSLRA action] to interfere with [the bankruptcy court's] management of the discovery process in the bankruptcy case*** …

*Id.* (emphasis added). *See also id.* at *1 n.1 (noting with skepticism the defendants' argument that "the bankruptcy court will have to 'consider' the PSLRA in deciding whether to permit discovery to go forward under Rule 2004").

## III. THE POLICY CONSIDERATIONS UNDERLYING THE PSLRA SUPPORT CREDITORS' RIGHTS TO OBTAIN DOCUMENTS VIA THE SUBPOENA

Besides being outside the literal scope of the PSLRA discovery stay, the Subpoena – contrary to Hansen's suggestion – does not offend the policy objectives that the stay was intended to serve. As Hansen concedes, "Congress' intent [in adopting the PSLRA] was 'that complaints . . . should stand or fall based on the actual knowledge of the plaintiffs ***rather than information produced by the defendants*** after the action has been filed.'" Hansen Mot. at 6-7 (quoting *Medhekar v. United States Dist. Ct.*, 99 F.3d 328, 328 (9th Cir. 1996)) (emphasis added). The Subpoena does not ask Hansen to do anything at all, let alone to provide information to Creditors. Accordingly, the Subpoena does not implicate the PSLRA's motivation of preventing a plaintiff from basing its complaint on information "produced by the

defendants." Nor is the PSLRA's concern with "prevent[ing] the abuse of the discovery process to coerce [a] settlement" implicated. Hansen Mot. at 7 (citing *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N.D. Cal.*, 189 F.3d 909, 911 (9th Cir. 1999)). The Subpoena imposes no costs at all on Hansen and, accordingly, can in no way be deemed an effort to "run up the meter" in an attempt to extract a settlement in the District Court action.

The PSLRA is simply not designed to be the tool to "hide the ball" that Hansen is attempting to use it as here. Creditors have lost tens of millions of dollars as a result of ShengdaTech's fraud. Any doubts as to the propriety of the Subpoena should be resolved in favor of permitting these innocent victims to marshal the information necessary to protect their rights, not in favor of the highly compensated gatekeepers whose only interest is in preventing the discovery of the truth about what went wrong at ShengdaTech.

## IV.    THE SUBPOENA IS WITHIN THE LIBERAL SCOPE OF DISCOVERY PERMISSIBLE UNDER RULE 2004

"Rule 2004 is a broadly construed discovery device which permits any party in interest in a bankruptcy proceeding to move for a court order to examine any entity so long as the examination relates to 'acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.'" *In re W&S Inv., Inc. (Northmount Assoc. v. W&S Inv., Inc.)*, 985 F.2d 577 (9th Cir. 1993) (Table) (quoting Fed. R. Bankr. P. 2004(b)). "The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can 'legitimately be in the nature of a 'fishing expedition.'" *Id.* (citation omitted). *See also In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011) ("The scope of a 2004 examination is 'unfettered and broad' and is akin to a fishing expedition.") (citation omitted).

The Subpoena readily falls within the liberal scope of Rule 2004. Creditors issued the Subpoena to seek information concerning the Debtor's "acts" and "conduct," including the issuance of the Notes, and concerning Debtor's "property," including potential legal claims. Creditors are particularly interested in the Special Committee's investigations into ShengdaTech and have specifically asked the Debtor for documents relating to these investigations. Normally,

1  a Creditors' Committee counsel would have requested the material sought by the Subpoena at the

2  outset of the bankruptcy proceeding.  However, due, perhaps, to its conflict of interest, Hogan

3  Lovells[11] did not conduct any Rule 2004 discovery on behalf of the Creditors Committee.  It is

4  with ill grace that defendants in the District Court action attempt to capitalize on that conflict.

5      Moreover, because the Plan of Reorganization contemplates potential litigation to recover

6  assets for the benefit of Creditors, the matters Creditors seek to inquire into "may affect the

7  administration of the debtor's estate."  *See, e.g., In re Bounds*, 443 B.R. 729, 736 (Bankr. W.D.

8  Tex. 2010) (creditor was entitled to Rule 2004 discovery from the debtor's law firms relating to

9  potential legal malpractice claims, because such documents "concern the financial condition of

10 the Debtor, and may affect the administration of the Debtor's estate" because actions against the

11 firms could "increas[e] the amount" available for distribution to unsecured creditors).   By

12 obtaining the requested documents, Creditors can ensure that their interest in ShengdaTech is

13 adequately represented and protected.  Under these circumstances, Hansen's assertion that "the

14 documents requested in the subpoena have nothing to do with the Debtor's financial condition or

15 the administration of the estate" rings hollow.[12]  Hansen Motion at 8.

16     Hansen's citation to *Bank of America, N.A. v. Landis*, 2011 WL 6104495 (D. Nev. Dec.

17 7, 2011) for the proposition that "[c]ourts frequently deny a request for a Rule 2004 examination

18 if another proceeding is pending" is way off base.  Hansen Motion at 8-9.  In *Landis*, the United

19 States Trustee overseeing an individual's Chapter 13 action served a notice for a Rule 2004

20 examination of Bank of America, the debtor's mortgagor, after Bank of America claimed to be

21

22 [11] As noted above, Hogan Lovells, the Creditors Committee counsel here, is currently serving as
   litigation counsel to KPMG LLP in the District Court action.  Plaintiffs in that case have moved
23 to disqualify Hogan Lovells.  However, Creditors here recognize that Hogan Lovells' continued
   representation of the Creditors Committee and the Liquidating Trust is essential to a smooth
24 administration of the bankruptcy estate and therefore do not seek to disqualify Hogan Lovells
   from representation of them in the bankruptcy proceeding.

25 [12] The fact that Creditors opposed Hansen's motion to quash on jurisdictional grounds when it
26 was initially filed in the District Court does not, of course, mean that Creditors "do[] not have
   sound substantive arguments to support the basis for the subpoena," as Hansen contends.
27 Hansen Motion at 10.  Had Hansen moved to quash the Subpoena in the appropriate court,
   Creditors would have – as they do now – engaged in a substantive discussion of their need for
28 the requested documents.

unable to locate documentation substantiating the amount of the loan. The Rule 2004 examination sought information not only concerning Bank of America's relationship with the debtor but all documents reflecting Bank of America's "policies, practices, and procedures" relating to (1) "the filing of proofs of claim when documentation of account obligations had been lost or destroyed" and (2) "searches for, and inquiries about, documentation of account obligations." 2011 WL 6104495, at *2. The United States District Court for the District of Nevada, on appeal, held that the bankruptcy court had abused its discretion in denying Bank of America's motion to quash, not because "another proceeding [was] pending," but because "Rule 2004 does not permit a party in interest to conduct a nationwide investigation into policies, procedures, and conduct *unrelated to the bankruptcy case at hand*." 2011 WL 6104495, at *7 (emphasis added). The Subpoena at bar seeks information concerning the facts and circumstances leading to ShengdaTech's demise. *Landis* is wholly inapposite.[13]

/ / /

/ / /

---

[13] Hansen's reliance on *In re Snyder (Snyder v. Society Bank of Ann Arbor, Michigan)*, 52 F.3d 1067, 1995 WL 241797  (5th Cir. April 12, 1995) (Unpublished) is misplaced. The court noted at the outset of that decision that it had "no precedential value" and accordingly was not being published.

1

## CONCLUSION

2
       For the foregoing reasons, Hansen's motion should be denied.

3
Dated:  October 9, 2012              Respectfully submitted,

4

5
                                   /s/ Amanda J. Cowley

6
                          GARY G. GOODHEART
                          Nevada Bar #1203

7
                          AMANDA J. COWLEY
                          Nevada Bar #4578

8
                          FENNEMORE CRAIG JONES VARGAS
                          3773 Howard Hughes Parkway

9
                          Third Floor South
                          Las Vegas, NV 89169

10
                          Telephone: (702) 862-3300

11
                          Facsimile: (702) 737-7705

12
                          STUART M. GRANT
                          MEGAN D. MCINTYRE

13
                          CHRISTINE M. MACKINTOSH
                          GRANT & EISENHOFER P.A.

14
                          123 Justison Street
                          Wilmington, DE 19801

15
                          Telephone: (302) 622-7000

16
                          Facsimile: (302) 622-7100

17
                          *Attorneys for Creditors*

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of Fennemore Craig Jones Vargas and that on this 9th day of October, 2012, I caused a true and correct copy of the foregoing OPPOSITION TO HANSEN BARNETT & MAXWELL P.C.'S EMERGENCY MOTION TO QUASH SUBPOENA IN VIOLATION OF RULE 2004 AND THE PSLRA AUTOMATIC STAY to be served via the U.S. Bankruptcy Court's ECF system and by regular U.S. mail upon counsel at the addresses listed below:

**Electronic Mail Notice List**
The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

| | |
|---|---|
| MARIO ALBA | malba@rgrdlaw.com |
| CANDACE C CARLYON | ccarlyon@sheacarlyon.com, docket@sheacarlyon.com |
| FRANCES KAO | Frances.kao@skadden.com |
| ROBERT R. KINAS | rkinas@swlaw.com, jmath@swlaw.com, mfull@swlaw.com, cdossier@swlaw.com, bgriffith@swlaw.com,nunzueta@swlaw.com, docket_las@swlaw.com, jbucceri@swlaw.com |
| IRA M LEVEE | ilevee@lowenstein.com |
| JOHN K LYONS | john.lyons@skadden.com, chdocket@skadden.com, brawilso@skadden.com |
| COURTNEY MILLER O'MARA | comara@lioneslawyer.com, jsparks@lionelsawyer.com |
| BOB L. OLSON | lvecffilings@gtlaw.com, olsonb@gtlaw.com, heilichj@gtlaw.com, lvlitdock@gtlaw.com |
| SAMUEL H RUDMAN | srudman@rgrdlaw.com |
| JOHN K SHERWOOD | jsherwood@lowenstein.com, ilevee@lowenstein.com |
| JENNIFER A. SMITH | cobrien@lionelsawyer.com bklscr@lionelsawyer.com |
| THE GARDENY CITY GROUP, INC. (cj) | Craig.johnso@gardencitygroup.com, rvhteam@gcginc.com, Pacerteam@gardencitygroup.com, etlteam@gcginc.com |
| AMY N. TIRRE | amy@amytirrelaw.com, admin@amytirrelaw.com |
| U.S. TRUSTEE – RN – 11 | USTPRegion17.RE.ECF@usdoj.gov |
| REED WERNER | Reed.werner@wilsonelser.com |

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service)

| | |
|---|---|
| MIRIAM G. BAHCALL<br>GREENBERG TRAURIG, LLP<br>77 W. WACKER DRIVE, SUITE 3100<br>CHICAGO, IL 60601 | JOHN W BUTLER<br>333 W WACKER DR #2100<br>CHICAGO, IL 60606 |
| CHRISTOPHER R. DONOHO<br>HOGANLOVELLS US LLP<br>875 THIRD AVE<br>NEW YORK, NY 10022 | MICHAEL S ETKIN<br>65 LIVINGSTON AVE<br>ROSELAND, NJ 07068 |
| PAUL FERAK<br>GREENBERG TRAURIG, LLP<br>77 W. WACKER DRIVE, STE 3100<br>CHICAGO, IL 60601 | DWIGHT A. HEALY<br>1155 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 |
| EMILY C. MA<br>300 SOUTH GRAND AVE, SUITE 3400<br>LOS ANGELES, CA 90071 | NANCY A. PETERMAN<br>GREENBERG TRAURIG, LLP<br>77 W. WACKER DR., SUITE 2500<br>CHICAGO, IL 60601 |
| THE GARDEN CITY GROUP, INC.<br>1985 MARCUS AVENUE, STE 200<br>LAKE SUCCESS, NY 11042 | BRADLEY WILSON<br>155 N. WACKER DR, SUITE 2700<br>CHICAGO, IL 60606 |
| CATHERINE YU<br>HOGAN LOVELLS US LLP<br>875 THIRD AVE<br>NEW YORK, NY 10022 | |

**Additional parties for service (Non-Bankruptcy Case):**

| | |
|---|---|
| *Attorneys for Debtor* | Miriam G. Bahcall<br>GREENBERG TRAURIG LLP<br>77 W. Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Tel: (312) 456-8400<br>Fax: (312) 456-8435<br>bahcallm@gtlaw.com |

| | | |
|---|---|---|
| *Attorneys for KPMG Int'l Cooperative* | Kenneth M. Katz<br>William R. Maguire<br>Yoshinori M. Sasao<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY  10004<br>Tel:  (212) 837-6028<br>Fax:  (212) 422-4726<br>katzk@hugheshubbard.com<br>Maguire@hugheshubbard.com<br>sasao@hugheshubbard.com | Andrew Gordon<br>MCDONALD CARANO WILSON LLP<br>2300 W. Sahara Ave., No. 10, Ste. 1000<br>Las Vegas, NV  89102<br>Tel:  (702) 873-4100<br>Fax:  (702) 873-9966<br>agordon@mcdonaldcarano.com |
| *Attorneys for Hansen, Barnett & Maxwell, P.C.* | Michael D. Stanger<br>CALLISTER NEBEKER & MCCULLOUGH<br>Zions Bank Building<br>10 East South Temple, Suite 900<br>Salt Lake City, UT  84133<br>Tel:  (801) 530-7300<br>Fax:  (802) 364-9127<br>mstanger@cnmlaw.com | John P. Aldrich<br>ALDRICH LAW FIRM, LTD.<br>1601 S. Rainbow Blvd., Suite 160<br>Las Vegas, NV  89146<br>Tel:  (702) 853-5490<br>Fax:  (702) 227-1975<br>jaldrich@jonaldrichlawfirm.com<br><br>David S. Kahn<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>300 South 4th Street<br>Las Vegas, NV  89101<br>David.kahn@wilsonelser.com |
| *Attorneys for Morgan Stanley & Co., LLC* | Randall W. Bodner<br>John P. Bueker<br>ROPES & GRAY, LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, MA  02199<br>Tel:  (617) 951-7000<br>Fax:  (617) 951-7050<br>Randall.bodner@ropesgray.com<br>John.bueker@ropesgray.com<br><br>Lucy C. Hynes<br>ROPES & GRAY, LLP<br>One Metro Center<br>700 12th Street NW, Ste. 900<br>Washington, DC  20005<br>Tel:  (202) 508-4742<br>Fax:  (202) 508-4650<br>Lucy.hynes@ropesgray.com | Mark G. Krum<br>LEWIS & ROCA LLP<br>3993 Howard Hughes Pkwy., Ste. 600<br>Las Vegas, NV  89169<br>(702) 949-8217<br>(702) 949-8398<br>mkrum@LRLaw.com |

| | | |
|---|---|---|
| *Attorneys for KPMG HK* | Edward S. Kim<br>Craig A. Taggart<br>BINGHAM MCCUTCHEN LLP<br>600 Anton Blvd., Ste. 1800<br>Costa Mesa, CA  92626-7653<br>Edward.kim@bingham.com<br>Craig.taggart@bingham.com | J. Colby Williams<br>CAMPBELL & WILLIAMS<br>700 S. 7th Street<br>Las Vegas, NV  89101<br>jfw@campbellandwilliams.com |
| *Attorneys for KPMG LLP* | George A. Salter<br>Peter J. Denin<br>HOGAN LOVELLS US LLP<br>875 Third Avenue<br>New York, NY  10022<br>George.salter@hoganlovells.com<br>Peter.dennin@hoganlovells.com | John H. Cotton<br>COTTON, DRIGGS, WALCH,<br>HOLLEY, WOLOSON &<br>THOMPSON<br>400 S. Fourth St., 3rd Floor<br>Las Vegas, NV  89101<br>jcotton@cdwnvlaw.com |

_____/s/ Cheryl Landis_____
An employee of Fennemore Craig Jones Vargas