NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
MIRIAM G. BAHCALL, ESQ.
Illinois Bar No. 6191823
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Telephone:  312-456-8400
Facsimile:   312-456-8435
Email: petermann@gtlaw.com
Email: bahcallm@gtlaw.com

KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite. 400 North
Las Vegas, Nevada  89169
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email: hendricksk@gtlaw.com

Electronically Filed October 18, 2016

*Counsel for ShengdaTech Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>SHENGDATECH, INC.,<br><br>Debtor | Case No. BK-11-52649-gwz<br>Chapter 11<br><br>**MOTION OF THE SHENGDATECH LIQUIDATING TRUST FOR ENTRY OF A FINAL DECREE AND ORDER (A) CLOSING THE SHENGDATECH, INC. CHAPTER 11 CASE; (B) AUTHORIZING THE LIQUIDATING TRUSTEE TO TAKE ALL NECESSARY ACTIONS TO COMPLETE THE WINDDOWN OF THE SHENGDATECH LIQUIDATING TRUST, INCLUDING THE FILING OF FINAL TAX RETURNS, DESTRUCTION OF RECORDS AND ABANDONMENT OF REMAINING ASSETS; (C) TERMINATING THE APPOINTMENT OF THE NOTICING, CLAIMS AND SOLICITATION AGENT AND (D) APPROVING THE APPOINTMENT OF THE DISTRIBUTION AGENT AS OF OCTOBER 18, 2016** |

1

CHI 67257321v2 999931.000051

Michael Kang, in his capacity as the liquidating trustee (the **"Liquidating Trustee"**) of the ShengdaTech Liquidating Trust (**"Liquidating Trust"**), by and through his attorneys, presents this motion (the **"Motion"**), pursuant to Sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the **"Bankruptcy Code"**), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), for entry of a final decree and order (a) closing the ShengdaTech Inc. Chapter 11 case; (b) authorizing the Liquidating Trustee to take all necessary actions to winddown the Liquidating Trust, including the filing of final tax returns, destruction of records and abandonment of any remaining assets; (c) terminating the appointment of Garden City Group, LLC f/k/a GCG, Inc. as the notice, claims and solicitation agent (the **"Notice, Claims and Solicitation Agent"**) and (d) approving the appointment of Garden City Group, LLC f/k/a GCG, Inc., as the distribution agent (the **"Distribution Agent"**), as of October 18, 2016. A form of proposed Order granting the Motion is attached hereto as **Exhibit 1**. In support of this Motion, the Liquidating Trustee respectfully states as follows:

## I.     JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Court has retained jurisdiction to enter a final decree in this Chapter 11 case pursuant to Article XII.12.1(r) of the Plan (as defined below) and Paragraph 35 of the Confirmation Order (as defined below).

2.      Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). The statutory predicates for the relief sought by this Motion are Sections 105(a) and 350(a) of the Bankruptcy Code. This Motion is also brought pursuant to Bankruptcy Rule 3022.

## II.     PROCEDURAL BACKGROUND

3.      On August 19, 2011, ShengdaTech, Inc. (the **"Debtor"**) commenced a Chapter 11 bankruptcy case (the **"Chapter 11 Case"**) by filing a voluntary petition for relief under Chapter 11

CHI 67257321v2 999931.000051

of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the **"Bankruptcy Court"**).

4.  The events giving rise to the Chapter 11 Case are described in detail in the *Declaration of Sheldon B. Saidman in Support of Debtor's First Day Motions* [Docket No. 16].

5.  On October 1, 2012, the Debtor filed *ShengdaTech, Inc.'s First Amended Chapter 11 Plan of Reorganization, As Modified* (the **"Plan")** [Docket No. 652].

6.  On October 2, 2012, the Court entered the *Findings of Fact and Conclusions of Law Regarding Confirmation of the First Amended Chapter 11 Plan of Reorganization, As Modified* and the *Order Confirming the First Amended* Chapter *11 Plan of Reorganization, As Modified* (the **"Confirmation Order"**) [Docket Nos. 654 & 655].

7.  The Effective Date of the Plan occurred on October 17, 2012 (the **"Effective Date"**) [Docket No. 680].

8.  In accordance with the Plan, the Liquidating Trust was established on the Effective Date. On October 17, 2012, the Debtor also filed an executed version of the Trust Agreement, dated October 17, 2012 (the **"Liquidating Trust Agreement"**) [Docket No. 679]. Michael D. Kang has served as the Liquidating Trustee of the Liquidating Trust since the Effective Date.

9.  Pursuant to the Plan and the Liquidating Trust Agreement, all assets of the Debtor, including all claims and causes of action held by the Debtor, were transferred to the Liquidating Trust. Under the Plan, the Liquidating Trustee is responsible for selling or liquidating the Liquidating Trust assets, making distributions, negotiating settlements, pursuing and prosecuting all appropriate causes of action, and taking such actions necessary and reasonable to carry out the purposes of the Liquidating Trust as directed by the Plan. (See Article VI, §6.2(f), Plan).

10. Based upon Article VI, §6.2(j) of the Plan, the Liquidating Trust was to dissolve as of the third anniversary of the Plan's Effective Date or October 17, 2015. On October 27, 2015, the Bankruptcy Court extended the term of the Liquidating Trust until the earlier of (a) the date on

CHI 67257321v2 999931.000051

which all actions to complete the administration of the Liquidating Trust are complete and (b) October 17, 2017. [Docket No. 995].

11.  Since the establishment of the Liquidating Trust on the Effective Date, the Trustee has liquidated the assets of the Liquidating Trust, including, without limitation:

- Pursuing and successfully prosecuting to final judgment five lawsuits (the **"PRC Judgments"**) in the People's Republic of China (the **"PRC"**) to establish ownership over five factories in the PRC (the **"PRC Factories"**). As a result, the Liquidating Trust obtained control of one of the PRC Factories and was able to sell that PRC Factory to a third party;

- Pursuing and settling malpractice actions against KPMG Hong Kong and Hansen, Barnett & Maxwell, P.C., two of the Debtor's former auditors;

- Settling outstanding securities claims by reaching agreement with the Debtor's insurance carriers; and

- Exploring other options for recovery of assets and monies given the financial fraud perpetrated on the creditors.

12.  The Liquidating Trustee has completed the administration of the Liquidating Trust. Given the complex financial fraud perpetrated on the creditors and the complexities of litigating in the PRC, the Liquidating Trust does not believe that there is any benefit to continuing to pursue further actions.

13.  As a result, on October 18, 2016, the Liquidating Trustee filed the Certification of Dissolution of the Liquidating Trust with this Court, as required by Article VI, § 6.2(j) of the Plan. The Liquidating Trustee likewise distributed all remaining cash proceeds to the proposed Distribution Agent and the Depository Trust Company (**"DTC"**).  DTC will make distributions on

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

CHI 67257321v2 999931.000051

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

account of the allowed Class 3 claims under the Plan, which constitute the allowed claims of certain noteholders.

14. The Liquidating Trustee wishes to abandon the remaining assets of the Liquidating Trust, including its stock in Faith Bloom Limited, a British Virgin Islands entity that is being dissolved; a note owed by Faith Bloom Limited to the Debtor; its indirect ownership of the PRC Factories; and the PRC Judgments. The Liquidating Trust does not have sufficient funds to continue pursuing collection of these remaining assets and has concluded that these assets likely have little to no value.

### III. RELIEF REQUESTED

15. As discussed further below, the Liquidating Trustee has liquidated the Liquidating Trust's assets, prosecuted all appropriate claims, and otherwise fully administered the Liquidating Trust. Accordingly, the Liquidating Trustee, on behalf of the Liquidating Trust, respectfully requests entry of a final decree and order (a) closing the Debtor's Chapter 11 case; (b) authorizing the Liquidating Trustee to take all necessary actions to winddown the ShengdaTech Liquidating Trust, including the filing of final tax returns, destruction of records and abandonment of any remaining assets; (c) terminating the appointment of the Notice, Claims and Solicitation Agent and (d) approving the appointment of the Distribution Agent as of October 18, 2016.

### IV. DISCUSSION

**A. Legal Authority**

16. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Furthermore, Bankruptcy Rule 3022 states, "after an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

5

*CHI 67257321v2 999931.000051*

**B. The Liquidating Trust Has Been Fully Administered**

17.  The Liquidating Trustee has fully administered the Liquidating Trust in accordance with the Plan and the Liquidating Trust Agreement. In particular, as noted above, the Liquidating Trustee has pursued and, in some instances, settled causes of action. The Liquidating Trustee has determined that any remaining assets of the Liquidating Trust should be abandoned given that they likely have little to no value and/or the Liquidating Trust does not have sufficient funds to continue the pursuit of such assets.

**C. The Liquidating Trustee Should be Authorized to Take All Necessary Actions to Winddown the Liquidating Trust**

18.  The Liquidating Trustee seeks authority to take all necessary actions to winddown the Liquidating Trust after dissolution, including filing final tax returns, destroying records and abandoning any remaining assets.

19.  The Liquidating Trust Agreement generally grants the Liquidating Trustee authority to take such actions:

> Upon dissolution of the Liquating Trust and for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its duties have been fully performed.

Trust Agreement at § 17.3.

20.  The Liquidating Trustee has filed a certification of dissolution of the Liquidating Trust indicating that the Liquidating Trust was dissolved as of the close of business on October 18, 2016. The Liquidating Trust still needs to complete final tax returns, file notices with the Securities and Exchange Committee and otherwise complete the winddown of the Liquidating Trust. As part of the winddown, the Liquidating Trustee will abandon any remaining assets of the Liquidating Trust and may need to execute documentation to effectuate such abandonment.

6

*CHI 67257321v2 999931.000051*

21.  In addition, the Liquidating Trust Agreement requires the Liquidating Trustee to store the books and records of the Liquidating Trust for a limited period of time following the dissolution of the Liquidating Trust. The Liquidating Trust Agreement states:

> [u]pon dissolution of the Liquidating Trust, the Liquidating Trustee shall retain for a period of six (6) years the books, records, lists of the Liquidating Trust Beneficiaries, the register of Liquidating Trust Beneficiaries and certificates and other documents and files which shall have been delivered to or created by the Liquidating Trustee that were not already disposed of as provided in Article 12.2.

(Art. XVII, §3, Liquidating Trust Agreement). The Liquidating Trustee proposes to store the books and records of the Liquidating Trust for six years, following which time the Liquidating Trustee proposes that such books and records be destroyed.

**D.  Terminate the Appointment of the Notice, Claims and Solicitation Agent**

22.  As a consequence of the Chapter 11 case being fully administered, the Notice, Claims, and Solicitation Agent has successfully completed the performance of all its obligations in this Chapter 11 case under the terms of the retention agreement entered into between the Notice, Claims, and Solicitation Agent and the Debtor (as such agreement was approved by this Court's order approving the Notice, Claims, and Solicitation Agent retention [Docket No. 113] (the **"Retention Agreement"**)). Accordingly, the Liquidating Trustee requests that the final decree provide the following:

(i)  The Notice, Claims, and Solicitation Agent will have no further obligations (arising under the Retention Agreement or otherwise) to the Court, the Liquidating Trust, the post-confirmation estate, the Debtor or any other party in interest with respect to this Chapter 11 Case in its capacity as the Notice, Claims, and Solicitation Agent.

(ii)  Pursuant to the local guidelines for a claims and noticing agent, the Notice, Claims, and Solicitation Agent shall:

7

*CHI 67257321v2 999931.000051*

a. File a Notice of Termination, using the approved local form available on the Court's website;

b. Turn over the claims register to the Clerk's office for uploading, with any required formatting modifications;

c. Send the Court a final version of the claims register in PDF format; and

d. Box and ship all original filed claims in proper format, as provided by the Clerk's office, to the office address of the Clerk.

(iii) Following entry of the final decree, except as provided in subparagraph (ii) above, the Notice, Claims, and Solicitation Agent may destroy any and all physical copies of documents pertaining to the Chapter 11 Case in its actual or constructive possession, including, but not limited to:

a. excess copies of notices, pleadings, Plan solicitation documents, customized envelopes or any other printed materials;

b. letters, e-mails, facsimiles or other correspondence;

c. all undeliverable and/or returned mail; and

d. all other materials related to the Chapter 11 case; provided, however, that the Notice, Claims, and Solicitation Agent shall retain an electronic copy of each proof of Claim.

(iv) Should the Notice, Claims, and Solicitation Agent receive any mail after entry of the final decree, the Notice, Claims, and Solicitation Agent will collect and forward such mail on a monthly basis to counsel to the Liquidating Trust at the following address:

Nancy A. Peterman, Esq.
Greenberg Traurig, LLP
77 West Wacker Dr., Suite 3100
Chicago, Illinois 60642

8

### E. Appointment the Distribution Agent as of October 18, 2016

23.     Upon dissolution of the Liquidating Trust, the Liquidating Trustee deposited certain monies with the proposed Distribution Agent, who will distribute those funds to the general unsecured creditors who are not noteholders. Noteholders will receive their distributions from DTC. As a result, the Liquidating Trustee requests that the Distribution Agent be appointed as of October 18, 2016 and that the Liquidating Trustee be authorized to enter into any necessary agreements with the Distribution Agent to complete the distribution of monies to these creditors.

*CHI 67257321v2 999931.000051*

**WHEREFORE,** the Liquidating Trustee, on behalf of the Liquidating Trust, respectfully requests entry of a final decree and order (a) closing the Debtor's Chapter 11 case; (b) authorizing the Liquidating Trustee to take all necessary actions to close and terminate the ShengdaTech Liquidating Trust, including the filing of final tax returns, destruction of records and abandonment of any remaining assets; (c) terminating the appointment of the Claims, Noticing, and Solicitation Agent, (d) appointing the Distribution Agent as of October 18, 2016 and (e) granting such other and further relief deemed appropriate under the circumstances.

Dated: October 18, 2016

**SHENGDATECH LIQUIDATING TRUST**

By:  /s/ Nancy A. Peterman
NANCY A. PETERMAN, ESQ.
(admitted *pro hac vice*)
Illinois Bar No. 6208120
MIRIAM G. BAHCALL, ESQ.
(admitted *pro hac vice)*
Illinois Bar No. 6191823
GREENBERG TRAURIG, LLP
77  West Wacker Drive, Suite 3100
Chicago, Illinois  60601

 - and -

KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada  89169

*Counsel for ShengdaTech Liquidating Trust*

CHI 67257321v2 999931.000051

# EXHIBIT 1

NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
MIRIAM G. BAHCALL, ESQ.
Illinois Bar No. 6191823
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Telephone:  312-456-8400
Facsimile:  312-456-8435
Email: petermann@gtlaw.com
Email: bahcallm@gtlaw.com

KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite. 400 North
Las Vegas, Nevada  89169
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email:      hendricksk@gtlaw.com

*Counsel for ShengdaTech Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SHENGDATECH, INC.,<br><br>        Debtor. | Case No.  BK-11-52649<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR ENTRY OF FINAL DECREE AND ORDER (A) CLOSING THE SHENGDATECH, INC. CHAPTER 11 CASE; (B) AUTHORIZING THE LIQUIDATING TRUSTEE TO TAKE ALL NECESSARY ACTIONS TO COMPLETE THE WINDDOWN OF THE SHENGDATECH LIQUIDATING TRUST, INCLUDING THE FILING OF FINAL TAX RETUARNS, DESTRUCTION OF RECORDS AND ABANDONMENT OF REMAINING ASSETS; (C) TERMINATING THE APPOINTMENT OF THE NOTICE, CLAIMS AND SOLICIATION AGENT AND (D) APPROING THE APPOINTMENT OF THE DISTRIBUTION AGENT AS OF OCTOBER 18, 2016** |

Upon the motion (the **"Motion"**) of Michael Kang, the liquidating trustee (the **"Liquidating Trustee"**) of the ShengdaTech Liquidating Trust's (the "**Liquidating Trust**"), pursuant to Sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the **"Bankruptcy Code"**), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), for entry of a final decree and order (a) closing the ShengdaTech Inc. Chapter 11 case; (b) authorizing the Liquidating Trustee to take all necessary actions to winddown the Liquidating Trust, including the filing of final tax returns, destruction of records and abandonment of any remaining assets; (c) terminating the appointment of Garden City Group, LLC f/k/a GCG, Inc. as the notice, claims and solicitation agent (the **"Notice, Claims and Solicitation Agent"**) and (d) approving the appointment of Garden City Group, LLC f/k/a GCG, Inc., as the distribution agent (the **"Distribution Agent"**), as of October 18, 2016; and it appearing that the relief requested is proper; and sufficient notice of the Motion having been given; and it appearing that this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation, and for the reasons stated on the record at the time of hearing, and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. A final decree shall be entered in the above-captioned Chapter 11 case and the Chapter 11 case shall be closed.

3. The Liquidating Trustee is authorized to take any and all actions necessary to complete the winddown of the Liquidating Trust, including, without limitation, filing final tax returns,

destroying any remaining books and records of the Liquidating Trust on the sixth anniversary of the Liquidating Trust's dissolution, abandoning any remaining assets of the Liquidating Trust, and executing any documents or otherwise taking any actions to complete the winddown of the Liquidating Trust.

4. Except as set forth in this Order, the Claims, Noticing and Solicitation Agent will have no further obligations (arising under the Retention Agreement or otherwise) to the Court, the Liquidating Trust, the post-confirmation estate, the Debtor or any other party in interest with respect to this Chapter 11 case in its capacity as the Notice, Claims and Solicitation Agent.

5. Pursuant to the Local Guidelines for a claims and noticing agent, the Claims, Noticing and Solicitation Agent shall

   a. File a Notice of Termination, using the approved local form available on the Court's website;

   b. Turn over the claims register to the Clerk's office for uploading, with any required formatting modifications;

   c. Send the Court a final version of the claims register in PDF format; and

   d. Box and ship all original filed claims in proper format, as provided by the Clerk's office, to the office address of the Clerk.

6. Following entry of the final decree, except as provided herein, the Claims, Noticing and Solicitation Agent may destroy any and all physical copies of documents pertaining to the Chapter 11 case in its actual or constructive possession, including, but not limited to:

   a. excess copies of notices, pleadings, Plan solicitation documents, customized envelopes or any other printed materials;

   b. letters, e-mails, facsimiles or other correspondence;

   c. all undeliverable and/or returned mail; and

   d. all other materials related to the Chapter 11 case; provided, however, that Claims, Noticing and Solicitation Agent shall retain an electronic copy of each proof of Claim.

7. Should Claims, Noticing and Solicitation Agent receive any mail after entry of the final decree, Claims, Noticing and Solicitation Agent will collect and forward such mail on a monthly basis to counsel to the Liquidating Trust at the following address:

> Nancy A. Peterman. Esq.
> Greenberg Traurig, LLP
> 77 West Wacker Drive, Suite 3100
> Chicago, Illinois 60601

8. The Distribution Agent is hereby appointed as of October 18, 2016. The Liquidating Trustee may enter into any agreement necessary with the Distribution Agent to effectuate the distribution of monies to the holders of allowed claims in accordance with the Plan.

SIGNED AND DATED ABOVE.

Respectfully prepared and submitted by:

/s/ *Nancy A. Peterman*
NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
*(admitted pro hac vice)*
MIRIAM G. BAHCALL
Illinois Bar No. 6191823
*(admitted pro hac vice)*
GREENBERG TRAURIG, LLP

77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

and

KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for ShengdaTech Liquidating Trust*

4

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows **(check one)**:

☐ The court has waived the requirement of approval under LR 9021.

☐ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

# # #